2003-NMCA-104

75 P.3d 423

**John LUJAN and Aaron Romero, Plaintiffs–Appellants,**

v.

**CITY OF ALBUQUERQUE, Lawrence Rael, Chief Administrative Officer, Orlando Sedillo, Solid Waste Department Director, Bill Alberti, Solid Waste Department Assistant Director, Defendants–Appellees.**

No. 22,311.

Court of Appeals of New Mexico.

June 19, 2003.

Paul Livingston, Placitas, NM, for Appellants.

Robert M. White, City Attorney, Victor E. Valdez, Benjamin S. Chavez, Assistant City Attorneys, Albuquerque, NM, for Appellees.

**OPINION**

SUTIN, Judge.

{1} Plaintiffs John Lujan and Aaron Romero appeal from an unfavorable summary judgment of dismissal entered under the rationale that, under Rule 1–007.1(D) NMRA 2003, Plaintiffs' failure to respond to Defendants' motions for summary judgment constituted consent to grant the motions. We reverse.

**BACKGROUND**

{2} In February 1998, Plaintiffs sued Defendants for wrongful termination of employment. A jury was requested. Discovery occurred and appears to have been diligently pursued. An October 5, 2000, scheduling order required discovery to be completed by March 30, 2001, with dispositive motions to be filed by February 28, 2001. The order set trial on a trailing docket for April 30, 2001. The order also required Plaintiffs to disclose their expert witnesses by January 30, 2001, and all parties to disclose their fact witnesses by March 1, 2001. It further stated that the parties could not stipulate to extensions, that a motion and order were required for any modification, and that extensions would be granted only upon a showing of good cause. A settlement conference occurred on February 6, 2001.

{3} Defendants filed three motions for summary judgment on February 28, 2001. A hearing scheduled for March 28, 2001, on the motions, was vacated on March 9, 2001, on the district court's own motion and was reset for April 11, 2001. As of March 21, 2001, Plaintiffs had neither responded to Defendants' motions, nor sought any extensions. Defendants presented the district court with a letter dated March 21, 2001, enclosing a form of order granting Defendants summary judgment on their motions. The letter informed the court that Plaintiffs' "failure to file a response within the prescribed time period constitutes consent to grant the motion, and the court may enter an appropriate order." The proposed order granted Defendants' motions for summary judgment and dismissed Plaintiffs' claims with prejudice. Defendants sent a copy of the letter to Plaintiffs' counsel.

{4} The district court signed the order submitted by Defendants dismissing each count of Plaintiffs' complaint with prejudice and vacating the trial set for April 30, 2001. The order is "dated" March 22, 2001, the "March 22" portion of which is handwritten. The order was filed on March 26, 2001, and stated: "The Plaintiffs failed to respond to these motions [for summary judgment] within the prescribed fifteen (15) day period, pursuant to Rule 1–007.1 DNMRA [sic]. This Court having considered the Defendants' brief relevant law [sic] and being otherwise informed, finds that the motions will be granted."

{5} Plaintiffs acknowledged below, as they do on appeal, that the due date for their responses was March 18, 2001. Actually, March 18, 2001, was a Sunday. Considering the three days for mailing allowed in Rule 1–006(D) NMRA 2003, under Rule 1–006(A) Plaintiffs had until the end of the next day, which was Monday, March 19, 2001, to file their responses.

{6} On April 4, 2001, Plaintiffs moved for reconsideration of the summary dismissal, and indicated in the motion that a copy of Defendants' letter to the district court was attached to it. In their motion for reconsideration, Plaintiffs stated that their counsel "unfortunately took [the court's continuance

of the hearing date] as an indication that [counsel] could delay presentation of Plaintiffs' response . . . until 10 days before the rescheduled hearing." Plaintiffs contended that the district court erred in granting the summary judgment motions solely due to Plaintiffs' failure to timely respond to the motions within the prescribed fifteen day period, pursuant to Rule 1–007.1. On April 10, 2001, the district court denied the motion for reconsideration without explanation or hearing.

{7} On appeal, Plaintiffs state, "Plaintiffs' counsel didn't even know what was happening until it was all over." Plaintiffs contend summary judgment cannot be granted "solely because their counsel was a few days late in responding to the summary judgment motions."

## STANDARD OF REVIEW

{8} We review the district court's dismissal of Plaintiffs' complaint for a violation of Rule 1–007.1(D) for an abuse of discretion. *See Lewis v. Samson,* 2001–NMSC–035, ¶ 13, 131 N.M. 317, 35 P.3d 972 (stating that "whereas we more closely scrutinize, albeit still under an abuse of discretion standard, the severe sanction of dismissal, we entrust sanctions short of dismissal to the sound discretion of the trial court"); *Lowery v. Atterbury,* 113 N.M. 71, 74, 823 P.2d 313, 316 (1992) (reviewing Rule 1–041(B) NMRA 2003 dismissal with prejudice under abuse of discretion standard); *Lopez v. Wal–Mart Stores, Inc.,* 108 N.M. 259, 260, 771 P.2d 192, 193 (Ct.App.1989) (reviewing discovery sanction of dismissal with prejudice under abuse of discretion standard); *see also Meade v. Grubbs,* 841 F.2d 1512, 1522 (10th Cir.1988) (reviewing dismissal for violation of a local rule for abuse of discretion).

## DISCUSSION

{9} Defendants point to the following circumstances they contend justify the district court's dismissal: Plaintiffs did not comply with the scheduling order in which the parties agreed that no extensions of time would be granted except upon motion and good cause showing[1]; Plaintiffs failed to respond

to the motions for summary judgment, and Rule 1–007.1(D) allows for entry of the order granting summary judgment in the manner obtained; and in any case, the district court's order indicates that the district court properly granted summary judgment based on the merits of the summary judgment motions.

### A. The Dismissal

{10} A district court has authority to dismiss claims with prejudice for a party's failure to prosecute or to comply with procedural rules or court orders. *See, e.g.,* Rule 1–037 NMRA 2003 (discovery); Rule 1–041 (failure to prosecute); *Lowery,* 113 N.M. at 74, 823 P.2d at 316 (recognizing Rule 1–041(B) dismissal with prejudice, but holding that circumstances were not "so extreme as to justify dismissal"); *Restaurant Mgmt. Co. v. Kidde–Fenwal, Inc.,* 1999–NMCA–101, ¶¶ 13, 20, 24, 127 N.M. 708, 986 P.2d 504 (recognizing court's authority to dismiss through the exercise of its inherent power, but remanding for the district court to consider certain factors before imposing sanctions for pre-litigation spoliation); *Universal Constructors, Inc. v. Fielder,* 118 N.M. 657, 660, 884 P.2d 813, 816 (Ct.App.1994) (recognizing court's authority to dismiss based on party's failure to comply with pretrial order and to attend scheduled hearing, but finding error in court's failure to give notice and an opportunity to be heard); *Lopez,* 108 N.M. at 260–61, 771 P.2d at 193–94 (recognizing court's authority to dismiss under the Rules of Civil Procedure, Rule 37(b), for willful failure to comply with discovery, but holding that the evidence did not support a finding of such failure).

{11} Dismissal with prejudice, however, usually requires an assessment of the violating party's conduct weighed against the underlying principles that cases should be tried on their merits and that dismissal is so severe a sanction that it must be reserved for the extreme case and used only where a lesser sanction would not serve the ends of justice. *See Gonzales v. Surgidev Corp.,* 120 N.M. 151, 158, 899 P.2d 594, 601 (1995) (stat-

---

1. Because this ground was not stated in either Defendants' letter, proposed order, or in the order entered, we do not address this circumstance.

ing that "[t]he court may only impose the sanction of *dismissal* for failure to comply with a court order when the failure to comply is due to the willfulness, bad faith or fault of the disobedient party" (internal quotation marks and citation omitted)); *Lowery,* 113 N.M. at 74, 823 P.2d at 316 (stating that involuntary dismissals are limited to instances where a plaintiff's conduct is extreme and that the court must consider lesser sanctions prior to dismissal and use dismissal sparingly); *United Nuclear Corp. v. Gen. Atomic Co.,* 96 N.M. 155, 203, 629 P.2d 231, 279 (1980) (cautioning appellate courts to be "particularly scrupulous lest the district court too lightly resort to [the] extreme sanction [of dismissal] ... without [giving the party] an opportunity to be heard on the merits" (internal quotation marks and citation omitted)); *Chavez v. Bd. of County Comm'rs,* 2001–NMCA–065, ¶ 44, 130 N.M. 753, 31 P.3d 1027 (concluding there was no abuse of discretion in the district court's denial of a motion to dismiss the complaint when the plaintiff failed to disclose his theories of liability prior to trial, stating that "[d]ismissal is a severe sanction and is justified only when a party shows flagrant bad faith and callous disregard for one's discovery duties"); *Kidde–Fenwal, Inc.,* 1999–NMCA–101, ¶ 20, 127 N.M. 708, 986 P.2d 504 (stating, in an evidence spoliation context, that "dismissal is an extreme sanction to be used only in exceptional cases" (internal quotation marks and citation omitted)); *Fielder,* 118 N.M. at 659–60, 884 P.2d at 815–16 (stating that "[i]t is general policy to decide claims on the merits," that "[t]he district court should also consider alternatives to dismissal," and that "generally mere negligence does not warrant such a penalty"); *Lopez,* 108 N.M. at 262, 771 P.2d at 195 (stating that "causes should be tried on their merits" and that "depriving parties of their day in court is a penalty that should be avoided"); *see also Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir.2002) (stating, where district court granted summary judgment dismissing action when a party failed to file a response to a summary judgment motion, that the sanction of dismissal "is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice" (internal quotation marks and citation omitted)); *Meade,* 841 F.2d at 1521 (stating, where district court dismissed action for failure to respond to motions to dismiss as required under a local rule, that "[t]he failure to respond ... was not so severe a burden on the court as to justify dismissal").

{12} Other than to cite to Rule 1–007.1(D), the district court did not explain the basis for ordering dismissal with prejudice. We think that, despite the language of Rule 1–007.1(D), dismissal with prejudice in this case was inappropriate. Before ordering dismissal with prejudice on a motion for summary judgment for failure to respond, a district court should consider: "(1) the degree of actual prejudice to the [opposing party], (2) the amount of interference with the judicial process, and (3) the culpability of the litigant." *Meade,* 841 F.2d at 1520 n. 7 (citations omitted); *see also Reed,* 312 F.3d at 1195 (stating that the Tenth Circuit Court of Appeals "generally requires the district court to perform an explicit analysis of the *Meade* factors prior to dismissal"); *Woodmore v. Git–N–Go,* 790 F.2d 1497, 1499 (10th Cir. 1986) (per curiam) (stating that when a dismissal is with prejudice, the district court "must explain why it imposed the extreme sanction of dismissal"); *In re Sanction of Baker,* 744 F.2d 1438, 1442 (10th Cir.1984) ("[T]he trial court should set forth in the record the justification for the sanctions imposed."); *Kidde–Fenwal, Inc.,* 1999–NMCA–101, ¶ 23, 127 N.M. 708, 986 P.2d 504 ("We therefore make the requirement of findings and conclusions explicit in cases in which a court draws on its inherent power to sanction a litigant.").

{13} Failing a satisfactory explanation by the district court for ordering dismissal with prejudice, we must hold that the dismissal with prejudice was too severe. At the time of entry of the order granting summary judgment, this case had been pending over three years. Discovery appears to have been diligently pursued. A jury trial was set to occur in a little over a month after the summary judgment dismissing Plaintiffs' complaint was entered. The district court nowhere indicated any willful or egregious

conduct by Plaintiffs or Plaintiffs' counsel. It set out no prejudice to Defendants or intentional disregard for the court, its process, or its docket.

{14} Defendants argue that they were prejudiced by Plaintiffs' failure to timely respond, because Defendants would not have had time to reply to Plaintiffs' responses by the date of the hearing which was nineteen days before the trial date, they "would not know whether there would be a trial at all." In the context of this case, however, these circumstances do not constitute prejudice in the sense or to the extent that the ultimate sanction of dismissal with prejudice was appropriate. That is not to say, however, that the time and procedure disruptions that may have resulted in this case may well have given the court good reason to impose a sanction on Plaintiffs' counsel short of dismissal of Plaintiffs' complaint, particularly given what appears to have been a combination of a cavalier attitude and negligent behavior on Plaintiffs' counsel's part.

**B. Rule 1–007.1 and Rule 1–056**

{15} Although we reverse based on the impropriety of the entry of dismissal with prejudice, we take this opportunity to clarify the use of Rule 1–007.1 in summary judgment proceedings. Rule 1–007.1 applies to all motions. The purpose of Rule 1–007.1(D) is to facilitate the court's efficient disposition of motions generally. *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 174 (3d Cir.1990) (describing purpose of local rule similar to Rule 1–007.1(D) as "not to impose or authorize a sanction for failure to prosecute or defend [but] to facilitate the court's disposition of motions"). Rule 1–007.1(D) reads:

Unless otherwise specifically provided in these rules, any written response and all affidavits, depositions or other documentary evidence in support of the response shall be filed within fifteen (15) days after service of the motion. Failure to file a response within the prescribed time period constitutes consent to grant the motion, is a waiver of the notice provisions of Paragraph C of Rule 1–058 NMRA, and the court may enter an appropriate order.

Rule 1–058(C) NMRA 2003 reads: "In all events, before the court signs any order or judgment, counsel shall be afforded a reasonable opportunity to examine the same and make suggestions or objections." The Committee Commentary to Rule 1–007.1(D) states:

Although the specific provisions of Rule 1–058(C) NMRA are not applicable, if a party submits a proposed order to the court, a copy of the proposed order must be served on all other parties. *See* Rule 1–005 NMRA of these rules, Rules 16–303 and 16–305 of the Rules of Professional Conduct and Rule 21–300 NMRA of the Code of Judicial Conduct. After assuring the non-responding party has received notice of the proposed order, the judge may enter an appropriate order.

{16} Thus, although the language of Rule 1–007.1(D) says that failure to timely respond to a motion "constitutes consent to grant the motion," and "is a waiver of the notice provisions of Paragraph C of Rule 1–058 NMRA," the Committee Commentary makes clear that "a copy of the proposed order must be served on all other parties," and the district court may act upon the proposed order only "[a]fter assuring the non-responding party has received notice of the proposed order."

{17} Placing these rules in the context of Rule 1–056 NMRA 2003, we think that the proper manner in which to request entry of an order granting a motion for summary judgment and to request entry of judgment of dismissal with prejudice, when the order and judgment are sought based on failure to timely respond to a motion for summary judgment, is through a written motion as provided under Rules 1–007(B)(1) NMRA 2003 and 1–007.1(A), providing fifteen days to respond after service of the motion pursuant to Rule 1–007.1(D). *See also* Rule 1–056(D)(2) (allowing fifteen days to respond to a motion for summary judgment). Hence, the relief Defendants sought due to Plaintiffs' failure to timely respond should have been presented only after a written motion with notice of hearing, not by presenting a proposed order to be signed without regard to notice and opportunity to be heard.

{18} These requirements are particularly important because a district court should not enter an order granting summary judgment of dismissal with prejudice without first ruling on the merits of the motion for summary judgment. Before entry of an order granting summary judgment, the district court must assess whether, on the merits, the moving party satisfied the burden under Rule 1–056(C). *See Brown v. Taylor,* 120 N.M. 302, 305, 901 P.2d 720, 723 (1995) ("The moving party may not be entitled to judgment even if the non-moving party totally fails to respond to the motion."). Plaintiffs' failure to file a timely response to Defendants' summary judgment motions "does not alter the traditional summary judgment standard, although it requires that the Court account for the lack of a response in its analysis." *Reynolds v. Rick's Mushroom Serv., Inc.,* 246 F.Supp.2d 449, 453 (E.D.Pa. 2003). The Tenth Circuit Court of Appeals recently addressed the duty of district courts when the non-movant does not respond:

> [A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is "appropriate" under Rule 56. Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.

*Reed,* 312 F.3d at 1195; *accord Amaker v. Foley,* 274 F.3d 677, 681 (2d Cir.2001); *Anchorage Assocs.,* 922 F.2d at 175–76; *Livernois v. Med. Disposables, Inc.,* 837 F.2d 1018, 1022 (11th Cir.1988). We agree with *Reed.*

## C. The Merits

{19} Defendants contend that the severity of the court's action and any procedural mistakes were cured because the district court's order indicates that the court considered the motions on their merits. We disagree. Entry of an order of dismissal with prejudice under Rule 1–056 based on Plaintiffs' failure to respond required a motion and an opportunity to be heard. Further, nothing in the order indicates that the district court considered whether Defendants were entitled to judgment as a matter of law irrespective of Plaintiffs' failure to respond.

## CONCLUSION

{20} We hold that the district court erred in entering an order granting Defendants' motions for summary judgment and dismissing Plaintiffs' complaint with prejudice pursuant to Rule 1–007.1(D) because of Plaintiffs' failure to timely respond to the motions. We reverse and remand to the district court to vacate the order granting Defendants' motions for summary judgment and dismissing Plaintiffs' complaint with prejudice.

{21} **IT IS SO ORDERED.**

WE CONCUR: A. JOSEPH ALARID and MICHAEL D. BUSTAMANTE, Judges.