This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LOS ALAMOS NATIONAL BANK,**

    Plaintiff-Appellee,

v.                                                            **NO. 29,905**

**MAX URBAN and UNA ZAKAS,**

    Defendants-Appellants.


**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**James A. Hall, District Judge**

Jurgens & With, PA
James R. Jurgens
Santa Fe, NM

for Appellee

Max Urban
Santa Fe, NM

Pro Se Appellant


**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

    Defendants Max Urban and Una Zakas (Defendants), husband and wife, pro

se, appeal a district court order granting summary judgment in favor of Los Alamos National Bank (LANB), resulting in foreclosure of their property. We issued a calendar notice proposing to affirm and Defendants timely filed a memorandum in opposition (MIO). LANB filed a memorandum in support (MIS) of our proposed disposition. Defendants also filed a motion to amend their memorandum in opposition (MAM), to which LANB has objected and Defendants have responded (RESP). We remain unpersuaded by Defendants' memorandum in opposition and affirm the district court's order.

We first note that Defendants' motion to amend their memorandum in opposition is granted.

Turning to the merits of the appeal, "[s]ummary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582 (citation omitted). "We are mindful that summary judgment is a 'drastic remedial tool which demands the exercise of caution in its application,' and we review the record in the light most favorable to support a trial on the merits." *Woodhull v. Meinel*, 2009-NMCA-015, ¶ 7, 145 N.M. 533, 202 P.3d 126 (filed 2008), *cert. denied*, 2009-NMCERT-001, 145 N.M. 655, 203 P.3d 870. However, the "movant need only make a prima facie showing that he is entitled to summary

judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992) (citation omitted). A party opposing summary judgment may not simply argue that evidentiary facts requiring a trial on the merits may exist. *Dow v. Chilili Coop. Ass'n*, 105 N.M. 52, 54-55, 728 P.2d 462, 464-65 (1986). Rather, "the party opposing summary judgment has the burden to show at least a reasonable doubt, rather than a slight doubt, as to the existence of a genuine issue of fact." *Eisert v. Archdiocese of Santa Fe*, 2009-NMCA-042, ¶ 10, 146 N.M. 179, 207 P.3d 1156 (internal quotation marks omitted), *cert. denied*, 2009-NMCERT-004, 146 N.M. 641, 213 P.3d 791.

We are also mindful, that "[b]efore ordering dismissal with prejudice on a motion for summary judgment for failure to respond, a district court should consider: (1) the degree of actual prejudice to the [opposing party], (2) the amount of interference with the judicial process, and (3) the culpability of the litigant." *Lujan v. City of Albuquerque*, 2003-NMCA-104, ¶ 12, 134 N.M. 207, 75 P.3d 423 (internal quotation marks and citation omitted). A moving party may not be entitled to judgment, even if a non-moving party totally fails to respond to the motion. *Brown v. Taylor*, 120 N.M. 302, 305, 901 P.2d 720, 723 (1995).

Here, LANB appears to have filed ten separate motions for summary judgment against Defendants. [RP 220, 226, 237, 249, 271, 285, 304, 328, 381, 408] These motions were apparently considered at a hearing on July 1, 2009. [RP 508] Defendants failed to appear at that hearing, instead filing a motion to extend time to respond. [RP 446] Defendants also filed an "Objection to Summary Judgment On Decree For Foreclosure and Order of Sale," apparently in response to a notice of presentment of order. [RP 465] The objection states Defendants mistakenly believed they had 30 days to respond to the motions for summary judgment and also mistakenly believed an amended notice of hearing rescheduling a pre-trial conference to July 9, 2009, had moved the July 1, 2009, hearing on the motions for summary judgment. [RP 465-469]

The objection also argues genuine issues of material fact exist precluding summary judgment, but does not introduce any evidence which might establish a material issue of fact. [RP 468-473] The sole evidentiary attachment is a deposition correction, in which Defendant Urban states that: "No letter granting Power of Attorney was ever recorded. So, although Ms. Zakas signed for me as attorney in fact, it is an improper signature." [RP 473] Defendants did not offer any explanation as to how this might establish a material issue of fact as to any of the summary judgment motions.

4

Thereafter, LANB filed an objection to Defendants' motion to extend time, Defendants filed a second motion to extend time, and LANB filed a response to the second motion. [RP 487, 495, 499]  Notice of hearing on the presentments of summary judgments, the motions for extension of time, and the objections were filed on August 4.  The district court entered the order granting summary judgment, decree of foreclosure and order of sale on August 17, 2009, after a hearing.  [RP 508, 512] Defendants appeal.

Defendants do not  directly attack the district court's denial of the motion to extend time, but rather attack the district court's final grant of summary judgment and decree of foreclosure.   Defendants argue issues of material fact preclude summary judgment. [DS 2; MIO 1; RESP 2 ]  Specifically, Defendants argue their "responses to plaintiff's request for admissions alone show that genuine issues of material facts exist." [DS 2] They also allege LANB prematurely reported their account past due to the credit bureau, causing Defendants to be unable to refinance their loan. [RESP 2, Ex. A-B] It does not appear, however, that either Exhibits A and B or Defendants' answers to the requests to admit were offered as evidence during the summary judgment proceedings *See In the Matter of Aaron L.,* 2000-NMCA-024, ¶ 27, 128 N.M. 641, 996 P.2d 431 (explaining "[t]his Court will not consider and counsel should not refer to matters not of record in their briefs."); *Jemko, Inc. v. Liaghat,* 106 N.M.

5

50, 55, 738 P.2d 922, 927 (Ct. App. 1987) ("It is improper to attach to a brief documents which are not part of the record on appeal.").

Simply put, this is not sufficient to carry Defendants' burden. Once LANB made a prima facie case for summary judgment, the burden shifted to Defendants to demonstrate the existence of specific evidentiary facts which would require trial on the merits. *Thompson*, 113 N.M. at 334-35, 825 P.2d at 1244-45. Our proposed notice indicated that if Defendants assert genuine issues of material fact existed at the time the district court granted summary judgment, they were required to outline in their memorandum in opposition those facts which were before the district court that they believe precluded summary judgment. This they have not done, instead relying on information that was not before the district court at the time it considered the motions for summary judgment.

Moreover, Defendants have failed to outline with any specificity which claims they believe as to which LANB failed to establish even a prima facie case for summary judgment. *See* Rule 12-208(D)(3) NMRA (requiring a party's docketing statement to include "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented"); *see also Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 (explaining we will not search the record for facts, arguments, and rulings in order to support generalized

6

arguments); *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (reiterating in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law). Finally, as indicated in LANB's memorandum in support, a review of the record indicates evidence was introduced providing a factual basis for each of LANB's motions for summary judgment, thereby establishing a prima facie case for summary judgment. [*See, e.g.,* RP 223, 230, 242, 256]

We therefore affirm the district court's grant of summary judgment and order of foreclosure.

**IT IS SO ORDERED.**


_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**CELIA FOY CASTILLO, Judge**