This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ROBERT HILGENDORF,**

    Plaintiff-Appellee,

v.                                                    NO.  33,056

**DR. PING CHEN and REFINEMENT HOUSE, LLC,**

    Defendants-Appellants.


**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

Sommer, Udall, Sutin, Hardwick & Hyatt, P.A.
Jack N. Hardwick
Santa Fe, NM

for Appellee

Border Law Office
Dean E. Border
Albuquerque, NM

for Appellants


**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

**{1}** Dr. Ping Chen and her company, Refinement House, LLC, appeal the grant of summary judgment in favor of an attorney who filed suit to collect payment for legal services. Because we conclude that the district court's grant of summary judgment was based on a misinterpretation of *Lujan v. City of Albuquerque*, 2003-NMCA-104, 134 N.M. 207, 75 P.3d 423, we reverse and remand for proceedings consistent with this Opinion.

**BACKGROUND**

**{2}** Attorney Robert Hilgendorf (Plaintiff) provided legal services to Dr. Ping Chen and her company, Refinement House, LLC (Defendants) in 2009 and 2010. There was no written fee agreement between the parties. In November 2009 Plaintiff submitted a bill for $16,045.56 for services rendered between June 1, 2009, and October 31, 2009. Defendants made one payment of $10,000 in November 2009 and one payment of $6,045.56 in June 2010. Plaintiff then submitted a bill to Defendants for $49,490.47 for services rendered from November 2009 through August 2010. Defendants did not pay any portion of this bill. In October 2011 Plaintiff filed a complaint for collection of these funds, "plus interest, costs[,] and attorney[] fees."

**{3}** The matter then became procedurally interesting. Plaintiff moved for summary judgment as to (1) whether the services provided were rendered as an open account, and (2) whether Defendants owed the attorney fees to Plaintiff. Defendants failed to

respond to the motion within the time set by Rules 1-006(A) and 1-007.1(D) NMRA. The district court then entered an order granting summary judgment to Plaintiff. In the order, the district court stated that Local Rule 1-306(D) NMRA provided that "[t]he failure to file a response to a motion within the time limits set forth in Rule 1-007.1 of the Rules of Civil Procedure for the [d]istrict [c]ourts shall be deemed as consent to the granting of the motion." It went on to state that Local Rule 1-306(D) requires the moving party to serve a proposed order on the opposing party and that failure to object to the order within five days "shall be deemed consent to the order."[1] The district court concluded, "The [c]ourt has considered the [m]otion, and objections to this form of [o]rder, if any, and finds the [m]otion should be granted[.]" In granting the motion, the district court accepted as true the facts alleged in Plaintiff's motion, apparently including the fact that the arrangement between Plaintiff and Defendants was an open account, and found that Plaintiff was entitled to judgment as a matter of law. Judgment was entered against Defendants for the amount of Plaintiff's last bill plus interest, as well as for Plaintiff's attorney fees "incurred in connection with this

---

[1]We note that Local Rule 1-306(D), which was last amended in 1998, is inconsistent with the current Rule 1-007.1(D) (as amended through 2008). Rule 1-007.1(D) was amended in 2008 to remove "language which provided that failure to respond to a motion constitutes consent to grant the motion and a waiver of notice of presentment." Rule 1-007.1 Compiler's Annotations. To the extent a local rule conflicts with a statewide rule, it is invalid. Rule 1-083(A) NMRA ("Local rules and forms shall not conflict with, duplicate[,] or paraphrase statewide rules or statutes.").

3

matter." *See* NMSA 1978, § 39-2-2.1 (1975) ("In any civil action in the district court, . . . to recover on an open account, the prevailing party may be allowed a reasonable attorney fee set by the court, and taxed and collected as costs.").

{4}     Defendants moved for relief from the summary judgment order under Rule 1-060(B)(1) NMRA (providing for relief "from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect"). The motion was granted, the previous order was set aside, and Defendants were ordered to respond to Plaintiff's motion for summary judgment. In the order, the district court stated that, pursuant to *Lujan*, "Defendants [had] waived the right to con[trovert] the material facts asserted in the [s]ummary [j]udgment [m]otion." Defendants then filed a response to the summary judgment motion in which they acknowledged the district court's reliance on *Lujan* and that the district court had ruled that the facts as alleged by Plaintiff "could not be contested in this matter." In spite of this acknowledgment, Defendant Chen asserted, among other things, that she did not know that Plaintiff would charge her for the work he was doing, that Plaintiff's billing was not consistent with an open account, that Plaintiff's billing practices "fell below the standard of care in New Mexico" and that Plaintiff had told her he would not bill her after November 2009. These assertions controverted some of Plaintiff's factual allegations in his motion for summary judgment.

4

**{5}**	A few months later, summary judgment was again granted in favor of Plaintiff. In its order, the district court found that (1) "[t]he material facts set forth in Plaintiff's [s]tatement of [u]ndisputed [f]acts [in the motion for summary judgment] are true;" and (2) "Plaintiff provided legal services to Defendants on an open account as set forth in Count I of . . . Plaintiff's [f]irst [a]mended [c]omplaint as a matter of fact and law[.]" The order awarded Plaintiff $49,490.47, plus interest, attorney fees, and costs pursuant to Section 39-2-2.1.

**DISCUSSION**

**{6}**	We reverse the grant of summary judgment based on our recent decision in *Atherton v. Gopin*, 2015-NMCA-003, 340 P.3d 630, *cert. granted*, 2015-NMCERT-__ (No. 34,978, Dec. 19, 2014). We begin with a description of that case.

**{7}**	In *Atherton*, the plaintiffs moved for summary judgment, and the defendant failed to respond to their motion within the time limits in Rule 1-056(D)(2) NMRA. *Atherton*, 2015-NMCA-003, ¶ 7. After the defendant requested additional time to respond, the district court, relying on *Lujan*, "allowed [him] to file a response on 'legal issues only' but did not permit him to respond to any factual assertions. Rather, 'all material facts asserted and properly supported in the summary judgment motion' were accepted as true." *Atherton*, 2015-NMCA-003, ¶¶ 8, 22. In his response, the defendant "conceded, per the district court's prior ruling, that he was bound by the

5

facts properly supported in the motion, but he argued that certain of the facts were not supported by evidence." *Id.* ¶ 9. After a hearing, the district court granted the plaintiffs' motion. *Id.* ¶ 11.

**{8}** On appeal, this Court examined the district court's order and *Lujan* in detail and concluded that "the ruling and the message of *Lujan*" was that "when the motion at issue is for summary judgment, it is improper to resort to the 'consent' clause [in the former Rule 1-007.1(D)] as a basis for granting the motion." *Atherton*, 2015-NMCA-003, ¶ 24. Applying this holding to the present matter, we conclude that to the extent the district court relied on the language in Local Rule 1-306(D), which reflected the consent language formerly in Rule 1-007.1(D), to conclude that Defendants' failure to timely respond constituted consent to a grant of summary judgment, such reliance was not in accordance with *Lujan*.

**{9}** More importantly for our purposes,[2] we went on to hold in *Atherton* that "[i]f a failure to respond does not result in consent to grant the motion, neither should it result in a waiver of the ability to respond." 2015-NMCA-003, ¶ 27. Consequently, we held that the district court erred in limiting the *Atherton* defendant's ability to

---

[2]Because the district court's first order granting summary judgment was later set aside, our decision does not hinge on the district court's reliance on the consent language in Local Rule 1-306(D).

controvert the plaintiffs' alleged facts in his response to the summary judgment motion. *Id.* ¶ 28. The grant of summary judgment was reversed. *Id.* ¶ 32.

{10}     It is clear that *Atherton* requires the same result here. As in that case, the curtailment of the defendants' ability to respond to the facts alleged in the plaintiff's motion was inconsistent with *Lujan* and with New Mexico's "strong bent in favor of deciding matters on their merits." *Atherton*, 2015-NMCA-003, ¶ 27. We recognize that Defendants did not make this argument on appeal. Normally, we do not address issues not raised by the parties. *State v. Hicks*, 2013-NMCA-056, ¶ 8, 300 P.3d 1183. Here, however, the grant of summary judgment rested in large part on an interpretation of *Lujan* that was rejected in *Atherton*. *See Hicks*, 2013-NMCA-056, ¶ 8 (addressing an issue not discussed by the parties because "it was the express basis for the district court's ruling"). To ignore this fact would be to ignore New Mexico's view of summary judgment as a drastic remedy and our courts' preference for trial on the merits. *See Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 8, 148 N.M. 713, 242 P.3d 280 ("New Mexico courts . . . view summary judgment with disfavor, preferring a trial on the merits."); *Blauwkamp v. Univ. of N.M. Hosp.*, 1992-NMCA-048, ¶ 10, 114 N.M. 228, 836 P.2d 1249 ("Summary judgment is a drastic remedial tool which demands the exercise of caution in its application."); *Springer Corp. v. Herrera*, 1973-NMSC-057, ¶ 8, 85 N.M. 201, 510 P.2d 1072 (noting that "courts

7

universally favor trial on the merits"), *overruled on other grounds by Sunwest Bank of Albuquerque v. Roderiguez*, 1989-NMSC-011, 108 N.M. 211, 770 P.2d 533.

**CONCLUSION**

{11}     We reverse and remand for proceedings consistent with this Opinion.

{12}     **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Chief Judge**

_____

**RODERICK T. KENNEDY, Judge**