This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**TIM EICHENBERG,**

  Plaintiff-Appellee,

v.                                                                    **NO. 34,032**

**JOSE and SANDRA DURAN,**

  Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Shannon C. Bacon, District Judge**

Sanders & Westbrook, PC
Duff H. Westbrook
Albuquerque, NM

for Appellee

Cravens Law, LLC
Richard H. Cravens, IV
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1} The Durans (Defendants) appeal from the district court's order confirming foreclosure sale. [RP 595, 603] Defendants raise six issues on appeal. This Court's calendar notice proposed summary affirmance. [Ct. App. File, CN1] Defendants have filed a memorandum in opposition that we have duly considered. [Ct. App. File, MIO] Unpersuaded, we affirm.

**DISCUSSION**

{2} **Issues 1, 2, 4, and 5:** Defendants contend that the district court erred in granting Plaintiff summary judgment against Defendants and refusing to set it aside in light of the fact that it was entered when there were other persons necessary for adjudication. [DS 4, MIO] In the memorandum, Defendants do not refute the operative legal facts relevant to summary affirmance of this case. These operative legal facts are: Defendants defaulted on the promissory note that they executed in consideration for Plaintiff's loan to them. The promissory note is secured by a mortgage. Default judgment was entered against all other parties in this lawsuit. Defendants themselves voluntarily dismissed their counterclaims. Plaintiff is, therefore, entitled to foreclose on the mortgage.

{3} As discussed in the calendar notice, "[s]ummary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as

a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "We review these legal questions de novo." *Id.*

{4} This case began on June 23, 2011, when Plaintiff filed a complaint for foreclosure on mortgage against Defendants. [RP 1] Plaintiff attached a promissory note and mortgage, evidencing a secured loan from Plaintiff to Defendants in the amount of $51,450. [RP 5, 9] Defendants' obligations under the note were secured by a mortgage on two parcels of property owned by Defendants. [RP 9] The complaint stated that Defendants were in default under the note and Plaintiff asserted his right to foreclose on the property under the terms of the mortgage. [RP 1]

{5} Defendants answered the complaint and provided a narrative for an affirmative defense, including that they would like to stay foreclosure to try alternative remedies and that foreclosure was unfair when Defendants had borrowed the funds from Plaintiff on behalf of a third-party beneficiary. [RP 18, 20-21]

{6} On August 31, 2011, Plaintiff moved for summary judgment to foreclose on the mortgage due to Defendants' default for failing to make payments under the note. [RP 26-44] The undisputed facts and documentary evidence included copies of the note and mortgage signed by Defendants, Plaintiff's affidavit regarding Defendants' default, Plaintiff's release of one of the parcels under the mortgage [RP 31-33], and

3

a recitation of the terms of the mortgage evidencing Plaintiff's right to foreclose on the remaining parcel and Plaintiff's right to attorney fees. [Id.]

{7}     Although served with a copy, Defendants did not respond to the motion for summary judgment. On September 21, 2011, Plaintiff filed a notice of completion of briefing, stating that briefing was complete by virtue of Defendants' failure to respond to the motion. [RP 45]  The notice of completion was certified as mailed to Defendants. [RP46] On September 28, 2011, without a hearing, the district court granted the motion for summary judgment as "well taken." [RP 47] On October 6, 2011, Defendants filed a motion to set aside the summary judgment, arguing that they did not get proper notice or a hearing and that the district court erred in granting summary judgment without considering the matters raised in Defendants' answer as a narrative affirmative defense. [RP 48-49] Defendants requested a hearing on the motion to set aside. [RP 56] Plaintiff filed a response to the motion, asserting that Defendants had received notice of all proceedings, and pointing out that the factual allegations in Defendants' answer to the complaint were not sufficient to defeat a motion for summary judgment. [RP 59]

{8}     After notice of hearing and a hearing, the district court denied the motion to set aside the summary judgment in favor of Plaintiff. [RP 64, 66] We affirm the district

4

court's decision to grant summary judgment against Defendants and to deny Defendants' motion to set it aside.

{9}     Initially, we note that, despite Defendants' failure to respond to the motion for summary judgment, the moving party and the district court itself are required to provide the non-moving party with notice that the motion will be decided and give opportunity to respond rather than simply entering an order granting the motion, as the district court did in this case. *See Lujan v. City of Albuquerque*, 2003-NMCA-104, ¶ 17, 134 N.M. 207, 75 P.3d 423 (stating that the relief that the moving party sought due to the nonmoving party's failure to timely respond should have been presented only after a written motion with notice of hearing, not by presenting a proposed order to be signed without regard to notice and opportunity to be heard).  In addition, *Lujan* requires that before entry of an order granting summary judgment, the district court must assess whether, on the merits, the moving party satisfied the burden under Rule 1-056(C) NMRA. *Id.* ¶ 18;  *see also Brown v. Taylor*, 1995-NMSC-050, ¶ 8, 120 N.M. 302, 901 P.2d 720 ("The moving party may not be entitled to judgment even if the non-moving party totally fails to respond to the motion.").  While the district court did appropriately consider Plaintiff's motion for summary judgment on the merits of his prima facie case, the district court erred in not providing notice and a hearing before entry of summary judgment despite Defendants' failure to respond.

{10} The failure to provide notice and an opportunity to be heard was cured, however, with the notice of hearing and hearing on Defendants' motion to set aside the summary judgment. [RP 64, 66] At that hearing, the district court revisited the merits of Plaintiff's prima facie case, resolved the conflicts as to whether Defendants' knew about Plaintiff's filing of the motion for summary judgment, and determined that Defendants' narrative affirmative defense in its answer was not sufficient under Rule 1-056 to create a material issue of fact that would make summary judgment inappropriate. *See, e.g., Peck v. Title USA Ins. Corp.*, 1988-NMSC-095, ¶ 11, 108 N.M. 30, 766 P.2d 290 (the party opposing summary judgment may not rely on the allegations or denial set forth in their pleadings); *see also Schwartzman v. Schwartzman Packing Co.*, 1983-NMSC-010, ¶ 22, 99 N.M. 436, 659 P.2d 888 ("A party opposing a motion for summary judgment must make an affirmative showing by affidavit or other admissible evidence that there is a genuine issue of material fact once a prima facie showing is made by the movant."); *Dow v. Chilili Coop. Ass'n*, 1986-NMSC-084, ¶ 13, 105 N.M. 52, 728 P.2d 462 (recognizing that a party opposing summary judgment may not simply argue that evidentiary facts requiring a trial on the merits may exist, nor may a party rest upon the allegations of the complaint). Thus, we affirm the district court's decision to grant summary judgment to Plaintiff and to deny Defendants' motion to set it aside.

{11}     After the motion for summary judgment against Defendants was granted and Defendants' motion to set it aside was denied, Plaintiff filed a motion to amend the complaint to add additional parties. [RP 68] Amendment of the complaint was unopposed and it was required for Plaintiff to perfect his right to foreclose on the property under the mortgage since, initially unbeknownst to Plaintiff, Defendants had quit-claimed title to the property under the mortgage to another party, which in turn had quit-claimed it to a third party. [Id.] This amendment to the complaint did not serve, however, to void or vacate Plaintiff's summary judgment against Defendants for Defendants' default under the note and Plaintiff's entitlement to foreclose under the mortgage on the property. At most, the amended complaint served only to render the summary judgment a nonfinal order for purposes of Plaintiff's ability to actually foreclose on the property, but not with regard to Plaintiff's right to do so vis-a-vis Defendants. Thus, after Defendants' title to the property was cleared through default judgments, judgment after trial, and Defendants' dismissal of its counterclaim against Plaintiff (discussed below), Plaintiff was entitled to entry of judgment and foreclosure on the property, pursuant to the original summary judgment against Defendants and the district court's order denying Defendants' motion to set aside. [RP 74, 83, 219, 334, 356, 360, 377, 381, 385, 411, 570, 590, 594]

{12}     We affirm the district court on Issues 1, 2, 4, and 5.

**{13}** **Issues 3 and 6:** Defendants also contend that the district court erred in dismissing their counterclaim against Plaintiff without an opportunity to respond and without a hearing. [DS 4] Defendants further contend that the district court erred in granting judgment to Plaintiff in light of the allegations of fraud. We affirm.

**{14}** As discussed above, Plaintiff obtained judgment against Defendants by summary judgment, denial of Defendants' motion to set aside summary judgment, and order confirming foreclosure sale. [RP 50, 66, 594] With regard to Defendants' counterclaim against Plaintiff, on January 9, 2013, Defendants filed a motion to dismiss their counterclaim against Plaintiff with prejudice. [RP 376] The motion to dismiss was concurred in by all parties to this lawsuit, except those parties that had defaulted. [Id.] Pursuant to Defendants' motion, on January 22, 2013, the district court filed its order dismissing Defendants' counterclaim against Plaintiff with prejudice. [RP 384] All of Defendants' counter- and cross-claims against parties other than Plaintiff were resolved by default judgments [RP 334,356] or judgment after trial [RP 569].

**{15}** Under the circumstances, we cannot say that the district court erred in dismissing Defendants' counterclaim against Plaintiff when it was dismissed upon Defendants' own motion.

**CONCLUSION**

{16}    For the reasons discussed above, we affirm the district court on all issues raised on appeal.

{17}    **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**J. MILES HANISEE, Judge**