This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36915**

**FERGUSON ENTERPRISES, INC.,**

      Plaintiff-Appellant,

v.

**NATIONAL HEATING AND VENTILATING CO., INC. and EMPLOYERS MUTUAL CASUALTY COMPANY,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

Lorenz Law
Alice T. Lorenz
Albuquerque, NM

for Appellant

Caren I. Friedman
Santa Fe, NM

Ryan P. Carson
Albuquerque, NM

for Appellee National Heating and Ventilating Co., Inc.

Sheehan & Sheehan, P.A.
David P. Gorman
Albuquerque, NM

for Appellee Employers Mutual Casualty Co.

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Ferguson Enterprises, Inc. (Ferguson) appeals from the dismissal with prejudice of its complaint against National Heating and Ventilating Co. (National) and Employers Mutual Casualty Co. (Employers) entered as a sanction for Ferguson's failure to obtain replacement counsel and violations of the district court's orders. Because we conclude that dismissal was too severe a penalty in light of Ferguson's conduct, we reverse and remand.

## BACKGROUND

**{2}** Ferguson, a vendor of building materials, sued National on May 17, 2016, alleging non-payment under a sales contract. Nine days later, Ferguson amended its complaint to add Employers as a defendant, alleging that Employers executed a surety bond in connection with the contract and was also liable for the relief Ferguson claimed from National.

**{3}** About eleven months later, the district court sua sponte dismissed the case without prejudice for lack of prosecution. Ferguson moved to reinstate the action, as allowed under the dismissal order. The court granted the motion on May 8, 2017, and set the matter for a November 28, 2017, bench trial.

**{4}** On August 7, 2017, Ferguson's counsel moved to withdraw, citing a breakdown in the attorney-client relationship. The district court granted the motion and ordered Ferguson to find replacement counsel by August 29, 2017. That deadline came and went with no entry of appearance. Then, on September 19, 2017, an attorney entered a limited appearance on Ferguson's behalf for the sole purpose of moving for a continuance of the scheduled trial-related dates and deadlines, which the attorney did that same day.

**{5}** The next day, the district court granted Ferguson's motion for continuance and rescheduled trial for March 2018. The court (1) found that Ferguson had not been able to retain replacement counsel; (2) recognized the strong public policy for determining cases on their merits; (3) found that the case had not been pending for an "excessive" period of time; and (4) concluded that these circumstances established good cause to vacate the November trial.

**{6}** The day after that, on September 21, 2017, National moved to dismiss the case pursuant to Rule 1-041 NMRA for failure to prosecute and failure to comply with a court order. Employers concurred, but did not join, in the motion. Concerning Ferguson's alleged failure to comply with a court order, National reasoned that because Ferguson's motion for continuance was granted, the attorney's limited representation of Ferguson was complete; thus, Ferguson was unrepresented in the matter and therefore was in violation of the court's order to find replacement counsel by August 29, 2017.

**{7}**     The same attorney who had previously entered a limited appearance for Ferguson did so again and filed Ferguson's response to National's motion to dismiss, which was several days late. In the response, Ferguson argued that a corporation's failure to obtain substitute counsel following its attorney's withdrawal was not grounds for dismissal. Ferguson argued that the only rule specifying a consequence for such non-representation was the local rule allowing a court to strike the filings of an unrepresented corporation, and further argued that all of its filings had been made by attorneys.

**{8}**     Without a hearing on the matter, the district court granted National's motion and dismissed the case with prejudice. This time, the court dismissed the case not for Ferguson's failure to prosecute, but rather "due to [Ferguson's] failure to obtain appropriate representation" and due to "its disregard of the previous [o]rders of the [c]ourt, and its own [s]tipulation, regarding the acquisition of counsel." The court found that Ferguson's violations "resulted in a waste of the [c]ourt's resources [and] undue waste of [National's] resources without cause, and evidence[d] disrespect for [the c]ourt and its processes." In making its ruling, the court did not cite Rule 1-041 but instead appeared to have drawn on its inherent powers.

## DISCUSSION

**{9}**     Our sole inquiry on appeal is whether the district court erred in dismissing the case. We review the ruling—whether made pursuant to Rule 1-041(B), for "failure of the plaintiff . . . to comply with these rules or any order of court," *id.*, or the court's inherent power to dismiss cases sua sponte for disregard of court orders, *see Newsome v. Farer*, 1985-NMSC-096, ¶¶ 22-23, 103 N.M. 415, 708 P.2d 327—for an abuse of discretion. *See id.* ¶¶ 22, 24. "An abuse of discretion will be found when the [district] court's decision is clearly untenable or contrary to logic and reason." *Id.* ¶ 22. Notwithstanding this review, our courts have repeatedly recognized that dismissing an action with prejudice is a drastic sanction that must be imposed only sparingly. *See, e.g., id.* ¶ 29; *United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 205, 96 N.M. 155, 629 P.2d 231 ("[A]n appellate court's review should be particularly scrupulous lest the district court too lightly resort to th[e] extreme sanction [of dismissal], amounting to judgment against the defendant without an opportunity to be heard on the merits." (internal quotation marks and citation omitted)). It is considered drastic because of the general policy to decide claims on the merits. *See Lujan v. City of Albuquerque*, 2003-NMCA-104, ¶ 11, 134 N.M. 207, 75 P.3d 423. Consequently, granting a Rule 1-041(B) motion for a party's pre-trial failures is appropriate only where the party's conduct is "extreme." *See Lowery v. Atterbury*, 1992-NMSC-001, ¶ 11, 113 N.M. 71, 823 P.2d 313.

**{10}**     Relatedly, and contrary to National's contentions, our Supreme Court has recognized and applied a "wilfulness" test to such dismissals; under it, a party is excused for violating a court order in the absence of "any conscious or intentional failure to comply [with the order.]" *Newsome*, 1985-NMSC-096, ¶ 28 (internal quotation marks and citation omitted). Such wilfulness is distinct from negligent, accidental, or involuntary noncompliance. *See Lowery*, 1992-NMSC-001, ¶ 13; *Newsome*, 1985-

NMSC-096, ¶ 28. Furthermore, "dismissal with prejudice is appropriate only if the [district] court considered alternative sanctions short of dismissal." *Lowery*, 1992-NMSC-001, ¶ 17.

**{11}** Ferguson argues two main reasons that the district court's dismissal was error: (1) under the circumstances, dismissal with prejudice was too drastic a sanction because "Ferguson's inability to obtain counsel by the deadline was not shown to have been willful or in bad faith"; and (2) Ferguson's claim against Employers, as independent of the claim against National, should not have been dismissed. Because we agree with Ferguson on the first ground and because that resolution disposes of this appeal, we need not consider the second.

**{12}** Before explaining why the district court's dismissal was too drastic, we briefly address National's argument that Ferguson failed to prosecute its case—a ground not recognized in the dismissal order. Citing Rule 1-041(B), which provides that a defendant may move for dismissal "[f]or failure of the plaintiff to prosecute[,]" National argues that Ferguson's failures in this regard vindicate the dismissal. The failure-to-prosecute rationale, though, does not aid National. When a party raises failure to prosecute, Section (E)(1) of the rule conditions dismissal with prejudice on the passage of two years from the date the action was filed. Rule 1-041(E)(1). Those two years had not yet passed when National filed its motion to dismiss. Hence, failure to prosecute under Rule 1-041 provides no basis for this dismissal. While it is true that the two-year rule can yield when a court exercises its inherent power to dismiss a case for lack of diligence in prosecuting an action, *see Foster v. Schwartzman*, 1965-NMSC-158, ¶ 12, 75 N.M. 632, 409 P.2d 267, such lack of diligence was not the reason for this dismissal. And the question of Ferguson's diligence in prosecuting its action, being a fact-based one, is a question for the district court. *See id.* ¶ 13.

**{13}** We instead look at the actual grounds for the district court's decision: (1) Ferguson's failure to "obtain appropriate representation"; and (2) Ferguson's disregard of the court order, and its own stipulation, to acquire replacement counsel. While Ferguson's failings in this regard cannot be denied, what is not so certain is that they were the product of conscious or intentional indifference. Ferguson tells us that it tried, but was unable, to find trial counsel. It explains that some attorneys it approached had ethical or scheduling conflicts, and others were not familiar enough with the subject matter to take the case. National responds that Ferguson "ma[de] no real effort to hire an attorney."

**{14}** But again, it is not our place to decide this question; it is the district court's— which brings us to the first flaw in the court's ruling. There is no indication that the court ever considered the nature of Ferguson's violations, let alone concluded that such violations were conscious or intentional. To the contrary, the court had previously found that Ferguson "ha[d] not been able to retain replacement counsel[.]" This suggests that Ferguson had been trying, but failed, to find new counsel.

**{15}**     The second flaw is rooted in the district court's having not considered lesser sanctions for Ferguson's violations. *See Universal Constructors, Inc. v. Fielder*, 1994-NMCA-112, ¶ 12, 118 N.M. 657, 884 P.2d 813 ("The district court should . . . consider alternatives to dismissal."). National argues, unconvincingly, that "anything less than dismissal would have been meaningless." In support, National cites *Newsome*, which affirmed dismissal in lieu of lesser sanctions, as a comparable case. *See* 1985-NMSC-096, ¶¶ 29-31. But the facts in *Newsome* contrast sharply with those here. In *Newsome*, the "rigidity" of the plaintiff whose case was dismissed "not only made normal progress difficult, it prevented any progress at all." *Id.* ¶ 30. Among other things, the plaintiff intentionally ignored a court order to attend document production, failed to notify the opposing party or the court of his non-attendance, and failed to satisfactorily explain his conduct, even under the threat of dismissal. *Id.* ¶ 26. Here, there is no evidence that Ferguson's actions caused a similar roadblock. To the contrary, Ferguson stated both that it was actively negotiating a settlement and that it anticipated having trial counsel before the next scheduled hearing. There is no evidence, in other words, that had the case not been dismissed, Ferguson's conduct would have prevented the case from being tried as scheduled or otherwise resolved. *Cf. Lowery*, 1992-NMSC-001, ¶¶ 1, 16 (concluding that dismissal was inappropriate where the actions of the party whose case was dismissed were not extreme, in that they did not evince a deliberate attempt to stall litigation).

**{16}**     Assuming some sanction was warranted, there is no indication that the district court considered sanctions other than dismissal, and the facts of this case do not suggest that a sanction less than dismissal would have been meaningless. *See Lujan*, 2003-NMCA-104, ¶ 11 ("Dismissal with prejudice . . . usually requires an assessment of the violating party's conduct weighed against the underlying principles that cases should be tried on their merits and that dismissal is so severe a sanction that it must be reserved for the extreme case and used only where a lesser sanction would not serve the ends of justice."). The district court erred in not considering lesser sanctions.

**{17}**     For the foregoing reasons, we conclude that the dismissal was too severe a penalty for Ferguson's conduct and thus amounted to an abuse of discretion. The district court apparently did not consider whether Ferguson's failure to acquire replacement counsel was wilful or involuntary. *See id.* ¶ 13. It could therefore not have gauged Ferguson's culpability in the violations. Moreover, even if it had found that Ferguson was highly culpable—that its conduct was extreme—the ruling would still be error because there is no indication that the court considered lesser sanctions. *See Lowery*, 1992-NMSC-001, ¶ 17.

## CONCLUSION

**{18}**     We reverse and remand to the district court to vacate the order granting National's motion to dismiss and dismissing Ferguson's complaint with prejudice.

**{19}     IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JENNIFER L. ATTREP, Judge**