This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40144

**MONICA LUJAN,**

Plaintiff-Appellant,

v.

**WILLIAM EYZAGUIRRE, M.D.; BETTY JUDD, Warden of the Western New Mexico Correctional Facility; CENTURION CORRECTIONAL HEALTHCARE OF NEW MEXICO, LLC; and NEW MEXICO DEPARTMENT OF CORRECTIONS,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF CIBOLA COUNTY**
**James Lawrence Sanchez, District Judge**

Ives & Flores, PA
Laura L. Schauer Ives
Adam C. Flores
Albuquerque, NM

for Appellant

Park & Associates, LLC
Alfred A. Park
Geoffrey D. White
Albuquerque, NM

for Appellee Centurion Correctional Healthcare of New Mexico, LLC

Allen Law Firm, LLC
Michelle Lalley Blake
Meena H. Allen
Albuquerque, NM

for Appellee William Eyzaguirre, M.D.

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Plaintiff appeals from the district court's orders granting Defendants' motion to dismiss for failure to prosecute and its order denying reconsideration. We issued a notice of proposed summary reversal, proposing to reverse the district court's order dismissing Plaintiff's suit. Defendants have responded to our notice with a memorandum in opposition, which we have duly considered. Unpersuaded, we reverse.

**{2}** Our notice proposed to reverse the district court's order granting Defendants' motion to dismiss for inactivity under Rule 1-041(E)(2) NMRA on grounds that, during the period of inactivity, the matters that were pending and awaiting hearings or rulings were several motions filed by Plaintiff. [CN 3] Among Plaintiff's filings that were pending during the time of inactivity were her motion for interlocutory appeal, a notice of completion of briefing on her motion for interlocutory appeal, her motion to reconsider an order striking her fourth amended complaint, her motion to reconsider a summary judgment order, a motion to reconsider a ruling on Count II of Plaintiff's third amended complaint, a motion to reconsider an order regarding discovery, a notice of completion of briefing for all these motions, a request for a hearing on all these motions, and a request for a pretrial scheduling conference. [9 RP 2134-42] Our notice explained that the inactivity that followed was that of the district court. *See* Rule 1-007.1(H) NMRA ("At the expiration of all response times under this rule, the movant or any party shall file a notice of completion of briefing. The notice alerts the judge that the motion is ready for decision."); Rule 1-041(E)(2) (precluding the dismissal of a case where there is a pretrial scheduling order entered).

**{3}** In response to our notice, Defendants provide this Court with a lengthy exposition on Plaintiff's alleged misconduct in the course of the litigation prior to November 2020, the period of the district court's inactivity in this case. [MIO 3-12] Defendants' motion to dismiss for inactivity relied solely on the lack of action Plaintiff took since November 2020 and makes no mention of any alleged misconduct prior to that time as the basis for dismissal. [9 RP 2149-51] Defendants' reply to Plaintiff's response likewise refers only to the inactivity from the winter of 2020 through the summer of 2021. [4 RP 2162-64] Defendants nevertheless seem to contend that we should consider Plaintiff's alleged misconduct and failure to comply with the discovery process because the district court was aware of Plaintiff's actions and we should consider all the circumstances when assessing the propriety of dismissal under Rule 1-041. [MIO 13-17] In support of their argument that we should consider Plaintiff's alleged misconduct, Defendants rely on *Jones v. Montgomery Ward & Co., Inc.*, 1985-NMSC-062, 103 N.M. 45, 702 P.2d 990. We are not persuaded.

**{4}** In *Jones*, the New Mexico Supreme Court reversed this Court's affirmance of the district court's dismissal on grounds that we did not consider other factors and actions that indicated the plaintiff's readiness for trial, including the plaintiff's actions taken after the motion to dismiss, but before the hearing on the motion. *Id.* ¶¶ 11-16. This is

consistent with the intended purpose of Rule 1-041(E) by which courts are guided, which is "to promote judicial efficiency and to conclude stale cases," but not in "complete disregard of this Court's often stated concerns for the rights of litigants to have their day in court and their cases decided on the merits and not on trivial technicalities." *Summit Elec. Supply Co. v. Rhodes & Salmon, P.C.*, 2010-NMCA-086, ¶ 14, 148 N.M. 590, 241 P.3d 188 (alteration, internal quotation marks, and citation omitted). We are not persuaded that *Jones* supports the theory that Defendants can justify dismissal under Rule 1-041 on appeal for reasons that might have supported motions under other rules and that were not given in their pleadings for dismissal under Rule 1-041.

**{5}** Upon remand, Defendants are free to move for dismissal or other sanctions in district court under other Rules of Civil Procedure or other authorities that specifically address the misconduct they allege on appeal. The considerations under Rule 1-041(E) differ from considerations under other rules or authority allowing dismissal as a sanction for misconduct, and Plaintiff should be given an opportunity to respond to such a request for sanctions outside of Rule 1-041(E). *See generally Lujan v. City of Albuquerque*, 2003-NMCA-104, ¶¶ 10-12, 134 N.M. 207, 75 P.3d 423 (setting forth the different authorities allowing a district court to dismiss and stating parenthetically the different standards by which to determine whether dismissal is appropriate); *see Universal Constructors, Inc. v. Fielder*, 1994-NMCA-112, ¶¶ 13-14, 118 N.M. 657, 884 P.2d 813 (holding that to the extent the district court's dismissal for the failure to comply orders relied on arguments made without notice and an opportunity to be heard, the district court violated the due process requirements for dismissing a case on its merits).

**{6}** Because the district court's order granted Defendants' motion to dismiss under Rule 1-041(E), which was based on inactivity since November 2020, [9 RP 2149-51, 2175-76] we do not consider the alternative, misconduct-based, fact-intensive reasons provided in Defendants' memorandum in opposition as providing a basis for dismissal under Rule 1-041(E). Defendants have not otherwise directly responded to our proposed analysis of dismissal under Rule 1-041(E) and therefore have not persuaded us that our proposed analysis was incorrect. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{7}** For the reasons stated above and in our notice, we reverse the district court's order dismissing Plaintiff's action for the failure to prosecute and remand for further proceedings.

**{8}** **IT IS SO ORDERED.**

JACQUELINE R. MEDINA, Judge

WE CONCUR:

J. MILES HANISEE, Chief Judge

JANE B. YOHALEM, Judge