This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF MARCH 1, 2007, GSAMP TRUST 2007-HE2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HE2,**

Plaintiff-Appellee,

v.                                                    **NO. A-1-CA-36422**

**RUTH GALLEGOS a/k/a RUTH ODOM a/k/a RUTH ODOM-INGRAM, ROBERT M. GALLEGOS a/k/a ROBERT MICHAEL GALLEGOS, MOUNTAIN VISTA APARTMENTS TAXATION AND REVENUE DEPARTMENT OF THE STATE OF NEW MEXICO and UNKNOWN TENANT (REAL NAME UNKNOWN),**

Defendants-Appellants,

and

**MUKHTIAR KHALSA,**

Putative Intervenor-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie A. Huling, District Judge**

Rose L. Brand & Associates, P.C.

Eraina Marie Edwards
Albuquerque, NM

for Appellee

Ruth Gallegos
Albuquerque, NM

Pro Se Appellant

Mukhtiar S. Khalsa
Santa Cruz, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Mukhtiar Khalsa appeals following the district court's order denying his motion to intervene and judgment foreclosing upon the property. [DS 2; 2 RP 307, 220] This Court issued a notice proposing to affirm. [CN 2] Khalsa filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

{2}     In addition to repeating his argument that U.S. Bank (Plaintiff) lacked standing to foreclose upon the subject property, Khalsa argues for reversal on the grounds that this Court must review his motion to dismiss for failure to state a claim de novo, the motion to intervene was improperly denied because one of the original defendants to the foreclosure action has also appealed, and Plaintiff failed to file any opposition to the motion. [MIO 4, 6] Because Khalsa did not initially raise the issues regarding the

availability of review by this Court of a motion to dismiss and the denial of his motion to intervene, we construe the addition of these arguments as a motion to amend the docketing statement. The essential requirements to show good cause for amendment of a docketing statement are: (1) the motion be timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as stated in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. For the following reasons, we deny Khalsa's motion to amend the docketing statement because the issues are not viable.

{3}     We first note Khalsa was never made a party to the case below, and thus, no motion to dismiss is part of the record below. "[I]n the usual case or lawsuit which reaches this court for appellate review, the parties before this court must have appeared as litigants in the court below, and the record must so show." *New Energy Economy, Inc. v. Vanzi*, 2012-NMSC-005, ¶ 56, 274 P.3d 53. "Matters outside the record present no issue for review." *Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482 (internal quotation marks and citation omitted). Because Khalsa was not a party to the case and the district court never considered a motion to dismiss filed by Khalsa, we decline to review any ground for dismissal Khalsa seeks to advance on appeal.

**{4}** We next note Khalsa appeals on his own behalf and does not appear to be part of any other appeal of this case from the district court. [2 RP 309] We further note any other appeal from the foreclosure action is not part of the record in this appeal. *See id.* Moreover, Khalsa does not provide any authority demonstrating why the existence of any related appeal confers on him the status of a party to the underlying case. "Where a party cites no authority to support an argument, we may assume no such authority exists." *Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482. This Court will review pro se arguments to the best of its ability, but we cannot respond to unintelligible arguments. *See Clayton v. Trotter*, 1990-NMCA-078, ¶ 12, 110 N.M. 369, 796 P.2d 262; *see also Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."). Therefore, we conclude the existence of an appeal by another party, if one does exists, does not make Khalsa a party to the case such that he can now appeal the merits of the action below. Accordingly, we conclude this argument regarding Khalsa's standing on appeal is not viable.

**{5}** Khalsa next argues the district court erred in denying his motion to intervene because Plaintiff failed to respond to his motion. [MIO 6] In support of this argument, Khalsa cites Rule 1-058(D) NMRA, which addresses examination of an order by counsel before it is signed, and *Lujan v. City of Albuqueruqe*, 2003-NMCA-104, ¶¶ 15-17, 134 N.M. 207, 75 P.3d 423, in which this Court discussed a previous

4

version of Rule 1-007.1(D) NMRA and the proper manner in which to request entry of summary judgment and dismissal with prejudice based on a failure to timely respond. We note the applicable version of Rule 1-007.1(D) states "Unless otherwise specifically provided in these rules, any written response. . . shall be filed within fifteen (15) days after service of the motion. If a party fails to file a response within the prescribed time period the court may rule with or without a hearing." Therefore, the lack of response to the motion to intervene does not demonstrate the district court erred in denying Khalsa's motion. Accordingly, we conclude Khalsa's challenge to the denial of his motion to intervene is not a viable issue.

**{6}** In response to our proposed disposition regarding Khalsa's arguments regarding Plaintiff's lack of standing, Khalsa repeats the arguments in this docketing statement and does not demonstrate error in fact or law or explain how he is a party to the district court case, entitling him to any review of the merits of the case below. As we previously noted, "[i]n the usual case or lawsuit which reaches this court for appellate review, the parties before this court must have appeared as litigants in the court below, and the record must so show." *New Energy Economy, Inc.*, 2012-NMSC-005, ¶ 56. The burden is on the appellant to clearly demonstrate the trial court erred. *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063. Beyond repetition of assertions in his docketing statement and posing additional

non-viable issues, Khalsa has not demonstrated he has standing to challenge the merits of the foreclosure judgment.

{7}     Accordingly, for the reasons explained in our notice of proposed disposition and herein, we affirm.

{8}     **IT IS SO ORDERED.**


_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____

**M. MONICA ZAMORA, Judge**


_____

**HENRY M. BOHNHOFF, Judge**