901 P.2d 720

**Joe W. BROWN, Plaintiff–Appellant,**

v.

**Jody TAYLOR, d/b/a Taylor Oil Company, and Taylor Oil Company, Inc., Defendants–Appellees.**

**No. 21879.**

Supreme Court of New Mexico.

July 19, 1995.

Payne & Klipstine, James W. Klipstine, Lovington, for appellant.

Gary Don Reagan, P.A., Gary Don Reagan, Mark Terrence Sanchez, Hobbs, for appellees.

## OPINION

FRANCHINI, Justice.

This case concerns a lessor's attempt to terminate a lease for breach of two conditions in the lease: that no permanent structures be built on the property and that the lessee obtain written consent of the lessor to any sublease. The lessor had been aware of

the existence of structures and subleases for at least twelve years prior to bringing his claims against the lessee. The trial court granted summary judgment in favor of the lessee, ruling that the lessor was barred by laches and equitably estopped from raising his claims. We reverse on the grounds that the lessee presented insufficient evidence to support judgment on its defenses of laches and equitable estoppel.

## I.

On February 22, 1978, Joe Brown leased a tract of undeveloped commercial property in Hobbs, New Mexico, to Taylor Oil Company (Taylor). The term of the lease was for fifteen years commencing March 1, 1978, and ending February 28, 1993. The lease obligated Taylor to pay Brown $300 per month, plus one cent per gallon for every gallon of gasoline sold in excess of 15,000 gallons each month, with the total rent not to exceed $500 per month.

The lease contained a clause giving Taylor an option to renew the lease for an additional term of five years on the same terms as the original lease, and a second consecutive option for a period of ten years upon expiration of the first option, also on the same terms as the original lease. On October 5, 1992, Jody Taylor, the owner of Taylor, wrote to Brown and notified him of Taylor's intent to exercise its option to renew the lease for a period of five years.

Brown refused to recognize Taylor's renewal of the lease, responding that the attempt to exercise the renewal was rejected due to Taylor's noncompliance with the terms and conditions of the lease. Brown contended that Taylor had violated the lease by building permanent structures on the property, whereas the lease specified that Taylor was to "operate a portable filling station on such property." The lease also provided that Taylor would not "assign, underlet, or part with the possession of the whole or any part of the premises without first obtaining the written consent of the Lessor." Brown claimed that Taylor had subleased portions of the property to an oil-change business, a self-service car wash, and a car-repair busi-

ness, and that Brown had never consented, in writing or otherwise, to the subleasing of any part of the property.

On April 19, 1993, Brown filed a complaint for declaratory judgment and breach of lease requesting the district court to construe the lease. Brown filed a motion for summary judgment on August 12, 1993, and on August 25, 1993, Taylor filed a response to Brown's motion as well as its own motion for summary judgment. In an affidavit Taylor contended that Brown had never objected to Taylor's operations or attempted to break the lease prior to January 15, 1992, even though Brown had been aware for fifteen years that a permanent service station was on the property; that Brown had signed a consent to the sublease of the car wash and car repair in 1978; and that Brown had been aware of the oil-change business on the premises for over twelve years.

A hearing was heard on the motions for summary judgment on November 12, 1993. The trial court filed a declaratory judgment on November 29, 1993, ruling that there were no genuine issues of material fact, that Brown's motion should be denied, and that Taylor's motion should be granted. The court concluded that Brown was barred by laches and estopped from claiming that he had not consented to the building of permanent structures on or the subleasing of the property to other businesses, and that Taylor was not in breach of lease. The court also ruled that Brown's attempt to refuse to allow Taylor to exercise its option to renew the lease was legally ineffective, and Taylor therefore was lawfully in possession of the premises. This appeal followed.

## II.

We address whether the trial court properly granted summary judgment under the facts of this case. The court relied on *Richardson v. Glass*, 114 N.M. 119, 121–22, 835 P.2d 835, 837–38 (1992), in ruling that because Brown failed to file a response to Taylor's motion for summary judgment he was in violation of SCRA 1986, 1–056(D)(2)

(Repl.Pamp.1992),[1] and that the facts alleged in Taylor's motion must therefore be deemed admitted. The court then granted summary judgment based on the facts alleged in Taylor's motion.

The mere fact that the non-moving party has failed to contravene the assertions of the material supporting a motion for summary judgment does not mean that the moving party is entitled to judgment. The moving party may not be entitled to judgment even if the non-moving party totally fails to respond to the motion. *Morris v. Ohio Casualty Ins. Co.*, 35 Ohio St.3d 45, 517 N.E.2d 904, 907 (1988). The burden is on the moving party to show an absence of a genuine issue of fact, and that it was entitled as a matter of law to judgment in its favor. *Koenig v. Perez*, 104 N.M. 664, 665, 726 P.2d 341, 342 (1986); *see also Worley v. United States Borax and Chem. Corp.*, 78 N.M. 112, 114, 428 P.2d 651, 653 (1967) ("If upon consideration of all material undisputed facts, a basis is present to decide the issues as a matter of law, summary judgment is proper."). "However, until the moving party has made a prima facie case that it is entitled to summary judgment, the non-moving party is not required to make any showing with regard to factual issues." *Knapp v. Fraternal Order of Eagles*, 106 N.M. 11, 13, 738 P.2d 129, 131 (Ct.App.1987). We hold that Taylor failed to make a prima facie case of entitlement to summary judgment.

The trial court granted summary judgment to Taylor on the grounds that Brown was equitably estopped from claiming that Taylor had breached its lease by building permanent structures on the property and by neglecting to obtain Brown's written permission to enter into subleases of the property, and that Brown's claims were barred by the doctrine of laches. We thus examine the elements of equitable estoppel and laches to determine whether Taylor made a prima facie case.

"[E]stoppel 'is the preclusion, by acts or conduct, from asserting a right which might otherwise have existed, to the detriment and prejudice of another, who, in reliance on such acts and conduct, has acted thereon.'" *C & H Constr. & Paving Co.*, 93 N.M. at 162, 597 P.2d at 1202 (Ct.App.1979) (quoting *Reinhart v. Rauscher Pierce Sec. Corp.*, 83 N.M. 194, 198, 490 P.2d 240, 244 (Ct.App.1971)); *see also Continental Potash, Inc. v. Freeport–McMoran, Inc.*, 115 N.M. 690, 698, 858 P.2d 66, 74 (1993) (discussing elements of equitable estoppel), *cert. denied*, —— U.S. ——, 114 S.Ct. 1064, 127 L.Ed.2d 383 (1994); *Green v. New Mexico Human Servs. Dep't*, 107 N.M. 628, 629–30, 762 P.2d 915, 916–17 (Ct.App.1988) (same). There is a particular type of equitable estoppel asserted in this case. It appears that Taylor is arguing that Brown, through his conduct, impliedly waived certain contractual conditions. Waiver implied from a course of conduct may be termed a waiver by estoppel. *See J.R. Hale Contracting Co. v. United N.M. Bank*, 110 N.M. 712, 717, 799 P.2d 581, 586 (1990); *cf. Scott v. Jordan*, 99 N.M. 567, 571–72, 661 P.2d 59, 63–64 (Ct.App.1983) (discussing estoppel by acquiescence); *Capo v. Century Life Ins. Co.*, 94 N.M. 373, 377, 610 P.2d 1202, 1206 (1980) (discussing estoppel by silence); 28 Am.Jur.2d *Estoppel and Waiver* §§ 53, 57 (1966) (discussing, respectively, estoppel by silence and estoppel by acquiescence). "To prove waiver by estoppel the party need only show that he was misled to his prejudice by the conduct of the other party into the honest and reasonable belief that such waiver was intended." *J.R. Hale Contracting Co.*, 110 N.M. at 717, 799 P.2d at 586. Hence the following facts must be established to support a claim of waiver by estoppel: (1) the party to be estopped made a misleading representation by conduct; (2) the party claiming estoppel had an honest and reasonable belief based on the conduct that the party to be estopped would not assert a certain right under the contract; and (3) the party claiming estoppel acted in

---

1. SCRA 1–056(D)(2) provides in part:

A memorandum in opposition to the motion shall contain a concise statement of the material facts as to which the party contends a genuine issue does exist. Each fact in dispute shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies, and shall state the number of the moving party's fact that is disputed. All material facts set forth in the statement of the moving party shall be deemed admitted unless specifically controverted.

reliance on the conduct to its detriment or prejudice.

The elements of laches differ from those of equitable estoppel. In order to establish the defense of laches, a party must assert the following facts:

(1) Conduct on the part of the defendant, giving rise to the situation of which complaint is made and for which the complainant seeks a remedy;

(2) delay in asserting the complainant's rights, the complainant having had knowledge or notice of the defendant's conduct and having been afforded an opportunity to institute a suit;

(3) lack of knowledge or notice on the part of the defendant that the complainant would assert the right on which he bases his suit; and

(4) injury or prejudice to the defendant in the event relief is accorded to the complainant or the suit is not held to be barred.

*Baker v. Benedict,* 92 N.M. 283, 286, 587 P.2d 430, 433 (1978); *see also C & H Constr. & Paving Co. v. Citizens Bank,* 93 N.M. 150, 163, 597 P.2d 1190, 1203 (Ct.App.1979) ("[T]o establish the defense [of laches], the evidence must show both that the delay was unreasonable and that it prejudiced the defendant."); *Costello v. United States,* 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961) (stating that the elements of laches are "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense"). We have observed that "[t]he defense of laches is not favored, and it should be applied sparingly." *Garcia v. Garcia,* 111 N.M. 581, 589, 808 P.2d 31, 39 (1991).

The affirmative defenses of laches and equitable estoppel are often raised in cases when the plaintiff has delayed in bringing a claim. However, "[d]elay or lapse of time alone does not constitute laches or work an estoppel." *Galef v. Buena Vista Dairy,* 117 N.M. 701, 705, 875 P.2d 1132, 1136 (Ct. App.1994). Laches focuses on the conduct of the party to be estopped, so that the trial court can evaluate whether that party's unreasonable delay in raising the claim has prejudiced the defendant. On the other hand, estoppel focuses on the acts of the party asserting estoppel, so that the trial court can evaluate whether that party relied to its detriment on the acts of the party against whom the estoppel is asserted. In either case the party asserting the defense must demonstrate prejudice, and for such purposes, "[p]rejudice cannot be inferred merely from the passage of time." *Anita Valley, Inc. v. Bingley,* 279 N.W.2d 37, 41 (Iowa 1979) (quoting *Cullinan v. Cullinan,* 226 N.W.2d 33, 36 (Iowa 1975)); *see also Garcia,* 111 N.M. at 589, 808 P.2d at 39 (party asserting a laches defense must show injury or prejudice resulting from the delay); *C & H Constr. & Paving Co.,* 93 N.M. at 163, 597 P.2d at 1203 ("[I]n order to establish estoppel, detriment, prejudice and reliance must be shown by the party asserting the defense.").

In his affidavit, Taylor alleges that Brown took no action against Taylor, even though he was aware that permanent structures had been built on the premises, and that Taylor had entered into a sublease for the oil-change operation. These allegations are sufficient to support the first two elements of a claim of waiver by estoppel—that Brown had made a misleading representation by conduct, and that Taylor had an honest and reasonable belief based on the conduct that Brown would not claim a breach of lease based on the placement of permanent structures on the premises or Taylor's entering into a sublease on the property without Brown's written permission. The allegations are insufficient, however, to prove that Taylor acted in reliance on the conduct to its detriment or prejudice. Taylor does not claim that it had financial responsibility for the construction of any of the buildings housing the subleased businesses, or that it was prejudiced in any way by its reliance on Brown's conduct.

Taylor's allegations also fail to make a prima facie case of laches. Taylor's affidavit supports the first three elements of laches by asserting that Taylor engaged in conduct giving rise to Brown's complaint; that Brown delayed in asserting his rights, even though he was aware of Taylor's conduct giving rise

to the action and had an opportunity to institute a suit; and that Taylor had no knowledge or notice that Brown would assert the rights upon which he bases his suit. However, Taylor fails to allege that it would suffer injury or prejudice in the event Brown is awarded relief. Brown's delay in bringing suit against Taylor may well have inured to Taylor's advantage, because it was allowed to operate the service station and collect the rents off the subleases for many years, even though the lease had been breached and may have been subject to termination.

"[S]ummary judgment is not appropriate when the facts before the court are insufficiently developed or where further factual resolution is essential for determination of the central legal issues involved." *National Excess Ins. Co. v. Bingham,* 106 N.M. 325, 328, 742 P.2d 537, 540 (Ct.App.1987). As the moving party, Taylor had the burden of showing the absence of any genuine issue of material fact, and also that the undisputed facts supported judgment in its favor as a matter of law. Taylor failed to develop sufficient facts to demonstrate that it was entitled to judgment on its affirmative defenses. Taylor failed to assert how it was prejudiced by its detrimental reliance on Brown's misleading conduct or by Brown's delay in bringing his claim.

### III.

We hold that there are issues of material fact to be determined in this case. These issues are whether Taylor suffered injury or prejudice either as the result of its detrimental reliance on Brown's misleading conduct or as a result of Brown's unreasonable delay in bringing suit. The summary judgment entered by the trial court is therefore reversed, and this action is remanded for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

FROST and MINZNER, JJ., concur.