This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MIREYA GARCIA,**

Plaintiff-Appellant,

**v.** No. 32,244

**BOARD OF REGENTS OF NEW MEXICO STATE UNIVERSITY,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

John R. Hakanson, P.C.
Miguel Garcia
Alamogordo, NM

for Appellant

Miller Stratvert P.A.
Lawrence R. White
Cody R. Rogers
Las Cruces, NM

for Appellee

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}     Mireya Garcia (Appellant) appeals from the district court's order granting summary judgment in favor of the Board of Regents of New Mexico State University (Appellee). This Court's second notice proposed to reverse the district court's order granting summary judgment on Appellant's hostile work environment sexual harassment claim. Appellee filed a memorandum opposing reversal, arguing that Appellant failed to establish a genuine issue of material fact concerning two of the elements of a hostile work environment sexual harassment claim: that the harassment occurred because of Appellant's sex and that Appellee knew, or should have known, of the harassment and failed to take remedial action. *See Nava v. City of Santa Fe*, 2004-NMSC-039, ¶ 6, 136 N.M. 647, 103 P.3d 571 (providing the elements for a sexual harassment claim). [MIO 3] We are not persuaded by Appellee's arguments and reverse the district court's order granting summary judgment on Appellant's hostile work environment sexual harassment claim.

{2}     Appellee argues that Appellant has not demonstrated that the alleged harassment was based on her sex. In particular, Appellee asserts the evidence suggests that the alleged harassing conduct was not based on her sex and that male co-workers were subject to the same type of conduct Appellant complains of. [MIO 4] Appellant argued below that her supervisor's almost daily comments concerning her sexual orientation created a hostile work environment. [RP 13-14]  There was

2

evidence that Appellant was a member of two protected classes given her gender and her sexual orientation. [RP 12 (¶ 6), 111] Appellant testified that her supervisor, Eddie Padilla, made comments about pornography and her sexuality [RP 110-12] about three to four times a week [RP 104 (p. 46)] that were stressful [RP 114:786-88] and that continued until the time she was terminated six months later. [RP 116:481-83] The fact that male co-workers were present when comments were directed at Appellant's sexuality does not negate the harassing, intimidating, hostile nature of the behavior as it concerns Appellant and her job performance. *Ocana v. Am. Furniture Co.*, 2004-NMSC-018, ¶ 23, 135 N.M. 539, 91 P.3d 58 ("Hostile work environment occurs when the offensive conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment." (internal quotation marks and citation omitted)). We therefore conclude that this evidence was sufficient to raise a question of fact concerning whether the harassment occurred because of Appellant's sex.

{3}     Appellee also argues that Appellant did not notify her employer of the alleged harassment until after she was terminated and filed her complaint on May 7, 2008. [MIO 5] Appellee contends that Appellant never reported the alleged sexual harassment to Lucio Garcia because she knowingly decided to wait until her probationary period was over before risking her job security by filing a grievance.

[Id.] However, there was evidence that a co-worker, Sergio Flores, talked to Mr. Garcia about the sexual harassment and the hostile work environment that Mr. Padilla created. [RP 115:846-52] And there was also evidence that Appellant told Mr. Garcia "confidentially, what went on" and that she "voic[ed her] concerns about how [Mr. Padilla] talk[ed] about [her.]" [RP 113:741-46] This testimony, although vague, tends to support an inference that Appellant had, in fact, discussed the sexual harassing behaviors with Mr. Garcia. We hold that this evidence raised a question of fact as to whether Appellee knew or should have known about the harassment. *See Weaver v. N.M. Human Servs. Dep't*, 1997-NMSC-039, ¶ 11, 123 N.M. 705, 945 P.2d 70 ("Making all inferences in favor of the non-movant, we interpret the material facts in favor of requiring a trial on the merits.").

{4} Insofar as Appellee argues that it was entitled to summary judgment on the *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), affirmative defense, this Court's second notice proposed to conclude that Appellee failed to make a prima facie case of entitlement to summary judgment based on the *Faragher* defense. The *Faragher* defense is a defense to the presumption of vicarious liability of the employer. The presumption can be rebutted by showing that "(1) the employer exercised reasonable care to prevent and correct promptly any sexual harassing behavior; and (2) that the employee unreasonably failed to take advantage of any

4

preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Ocana*, 2004-NMSC-018, ¶ 26.

{5} Appellee argues that it was entitled to summary judgment because after Appellant reported the sexual harassment, it promptly investigated the incident, which resulted in the termination of Mr. Garcia, and because by delaying the reporting of the alleged harassment, Appellant failed to take advantage of any corrective or preventative opportunities. [MIO 9] Although Appellee argued that the personnel manual outlining Appellee's sexual harassment policies was available online [RP 90 (¶ 11)], Appellee asserted no evidence to demonstrate that Appellant was made aware of the sexual harassment policy and grievance process. We therefore conclude that Appellee did not make a prima facie case that it was entitled to summary judgment. *See Brown v. Taylor*, 120 N.M. 302, 305, 901 P.2d 720, 723 (1995) ("The burden is on the moving party to show an absence of a genuine issue of fact[] and that it was entitled as a matter of law to judgment in its favor."). Appellant will have the burden of establishing employer liability below, whether by the legal presumption or otherwise.

{6} For these reasons and those stated in this Court's first and second calendar notices, we conclude that Appellant raised a genuine issue of material fact for the jury on her hostile work environment sexual harassment claim. *See Woodhull v. Meinel*,

5

2009-NMCA-015, ¶ 7, 145 N.M. 533, 202 P.3d 126 ("We are mindful that summary judgment is a drastic remedial tool which demands the exercise of caution in its application, and we review the record in the light most favorable to support a trial on the merits." (internal quotation marks and citation omitted)). We therefore affirm the district court's order granting summary judgment on Appellant's discrimination claim and reverse summary judgment on Appellant's sexual harassment claim.

{7}     **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**TIMOTHY L. GARCIA, Judge**