This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JOHN P. WILCOX,**

Plaintiff-Appellant,

v.                                                                        **No. A-1-CA-36854**

**MANAGEMENT & TRAINING CORP.,**
**JAMES FRAWNER, R. MARTINEZ,**
**JERRY ROARK, K. BOYD, D. MORENO,**
**and EBETH CRUZ-MARTINEZ, all in their**
**official and individual capacities,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

John Wilcox
Los Lunas, NM

Pro Se Appellant

Sutin, Thayer & Browne, P.C.
Christina Muscarella Gooch
Albuquerque, NM

for Appellees Management & Training Corp., James Frawner, R. Martinez, Jerry Roark, K. Boyd, and D. Moreno

Ebeth Cruz-Martinez

Santa Fe, NM

Pro Se Appellee

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Plaintiff John P. Wilcox appeals from the district court's order, entered on August 28, 2017, granting summary judgment in favor of Defendants Management and Training Corp., James Frawner, R. Martinez, K. Boyd, and D. Moreno on Plaintiff's constitutional claims that Defendants' rejections of his mail violated the First and Fourteenth Amendments to the U.S. Constitution. While there are three arguments raised, in pertinent part, Plaintiff argues on appeal that the district court erred in granting Defendant's motion for summary judgment (MSJ) when genuine issues of material fact exist. [DS 4] This Court issued a notice of proposed disposition considering Plaintiff's arguments and proposing to reverse and remand. Defendants now have filed a memorandum in opposition (MIO) to this Court's notice of proposed disposition. This Court also received a memorandum in support from Plaintiff. Having given due consideration to the arguments raised, this Court reverses the grant of summary judgment.

{2}     In this Court's calendar notice, we proposed to conclude that it was improper for the district court to resolve this dispute at the summary judgment phase in that

there were existing disputed material facts. [CN 5] *See generally* Rule 1-056 NMRA. *See also Benavidez v. Shutiva*, 2015-NMCA-065, ¶ 31, 350 P.3d 1234 (indicating that disputed material facts preclude summary judgment); *see also In re Michael R.C.*, 1999-NMCA-036, ¶ 13, 126 N.M. 760, 975 P.2d 373 (indicating that, even if the actual "facts are undisputed, if conflicting inferences can be drawn, summary judgment is improper").

{3}     In response to our proposed conclusion, Defendants raise three specific claims of error in the Court's proposed disposition. [MIO 7] First, Defendants assert that the Court did not address Plaintiff's argument that a "blanket ban" on internet material was imposed on Plaintiff's prison mail, and that Defendants had "conclusively disproved" that argument. [MIO 7] Second, Defendants claim that they met their burden by making a prima facie case for summary judgment "by offering sufficient facts about the content of the rejected mail and how that content related to the safety and security" of the prison, and Plaintiff failed to rebut those facts. [MIO 7] And third, Defendants argue that the Court applied an incorrect standard of review for granting of summary judgment. [MIO 8] The Court has considered these arguments, but is unpersuaded.

{4}     In our proposed disposition, we suggested that at least one genuine issue of material fact remained in dispute: Whether Defendants' rejections of Plaintiff's mail

3

were related to a legitimate penalogical interest. [CN 3] "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶ 6, 336 P.3d 443 (internal quotation marks and citation omitted). "An issue of fact is 'genuine' if the evidence before the court considering a motion for summary judgment would allow a hypothetical fair-minded factfinder to return a verdict favorable to the non-movant on that particular issue of fact. An issue of fact is 'material' if the existence (or non-existence) of the fact is of consequence under the substantive rules of law governing the parties' dispute." *Associated Home & RV Sales, Inc. v. Bank of Belen*, 2013-NMCA-018, ¶ 23, 294 P.3d 1276 (internal quotation marks and citation omitted). After considering the arguments, we conclude that genuine issues of material fact were in dispute at the time of the motion for summary judgment.

{5} We specify that in the motion for summary judgment, the sole issue on which we decide this controversy, Defendants failed to meet their prima facie burden. "The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Bank of N.Y. Mellon*, 2014-NMCA-097, ¶ 6

(internal quotation marks and citation omitted). "A party opposing a motion for summary judgment must make an affirmative showing by affidavit or other admissible evidence that there is a genuine issue of material fact *once a prima facie showing is made by the movant*." *Schwartzman v. Schwartzman Packing Co.*, 1983-NMSC-010, ¶ 22, 99 N.M. 436, 659 P.2d 888 (emphasis added).

{6}     We agree with Defendants' summary of the standard: "Thus, to make a prima facie showing of entitlement to summary judgment [Defendants] ha[ve] the burden of presenting sufficient evidence that the refusal to provide [Plaintiff] with the Mail was rationally related to a legitimate penological interest." [MIO 16] However, we disagree with Defendants' contention that they met their prima facie burden.

{7}     Reviewing Defendants' motion for summary judgment, we note that there are statements listed in the "undisputed material facts" section that are disputed. Defendants asserted, "2. Plaintiff's two Mail Rejections occurred based on legitimate reasons related to the safety and security of the facility." [RP 437 (citation omitted)] This sentence is not an "undisputed" material fact, but instead goes to the heart of Plaintiff's complaint. As evidence, Defendants claim that this is supported by an affidavit by the mail room officer at the prison facility, but that affidavit only restates the same claim: "Although Plaintiff's specific rejected mail, which is the subject of this lawsuit, was blandly marked as rejected as 'internet articles not allowed,' the

underlying reason for the rejection was to protect the safety and security of the facility." [RP 446, ¶ 7] In their memorandum in opposition, Defendants also ask the Court to consider an apparent assertion by counsel at a telephonic hearing on the motion for summary judgment. "During this Hearing, [Defendants'] counsel generally described the content of the Mail that posed safety and security concerns. Specifically, [Defendants'] counsel represented that the Mail contained documents which 'showed outlines of the facility.'" [MIO 9-10] However, "[T]he briefs and arguments of counsel are not evidence upon which a trial court can rely in a summary judgment proceeding." *V.P. Clarence Co. v. Colgate*, 1993-NMSC-022, ¶ 2, 115 N.M. 471, 853 P.2d 722.

{8} Defendants' MIO stresses that the Court does not know what mail is at issue, and the point is well-taken. "There is confusion about what mailings were actually rejected." [MIO 11] Also, "[Plaintiff's] representations that the mail consisted of 'newspaper articles from the Albuquerque Journal and copies of some New Mexico statutes' is incorrect." [MIO 27 (citing CN 3)] "[Plaintiff] attached voluminous documents to nearly every filing, some of which appear to be—but none of which actually [is]—the mail." [MIO 11] Further, Defendants do not want to provide Plaintiff with access to the mail: "Notably, [Defendants] did not attach the Mail to any of their pleadings because doing so would have provided a backdoor mechanism for

6

[Plaintiff] to obtain the Mail, thus, defeating the purpose of rejecting the Mail in the first place." [MIO 8-9] "Therefore, the Court should not be misled by [Plaintiff's] incorrect statements regarding what he believed to be the Mail's contents." [MIO 28]

{9}     The Court is not privy to the contents of the mail, either. This further shows that genuine issues of material fact exist, making this case unsuitable for summary judgment on these assertions. Therein lies the problem of the conclusory statement. Defendants' "undisputed material fact" that the mail rejections "occurred based on legitimate reasons related to the safety and security of the facility," is actually a conclusion a court could draw from facts Defendants have yet to assert. It is not an evidentiary statement, but an ultimate conclusion.

{10}     Because we conclude that Defendants' did not make a prima facie showing, we need not reach questions regarding the sufficiency of Plaintiff's response to the motion for summary judgment. "The moving party may not be entitled to judgment even if the non-moving party totally fails to respond to the motion." *Brown v. Taylor*, 1995-NMSC-050, ¶ 8, 120 N.M. 302, 901 P.2d 720.

{11}     We conclude that this matter was not yet appropriate for summary judgment. "We are mindful that summary judgment is a drastic remedial tool which demands the exercise of caution in its application, and we review the record in the light most favorable to support a trial on the merits." *Woodhull v. Meinel*, 2009-NMCA-015, ¶ 7,

7

145 N.M. 533, 202 P.3d 126 (internal quotation marks and citation omitted). Based on the failure of Defendants to make a prima facie case with undisputed material facts, we hold that the district court erred in granting the motion for summary judgment.

{12}     For the reasons stated above and in this Court's notice of proposed disposition, the district court's order granting summary judgement is reversed.

{13}     **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Chief Judge**


**WE CONCUR:**


_____
**J. MILES HANISEE, Judge**


_____
**DANIEL J. GALLEGOS, Judge**