This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

No. A-1-CA-39753

**BRYCE FRANKLIN,**

Plaintiff-Appellant,

v.

**NEW MEXICO STATE PERSONNEL OFFICE and REGINA SENA,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Kathleen McGarry Ellenwood, District Court Judge**

Bryce Franklin
Las Cruces, NM

Pro Se Appellant

Montgomery & Andrews, P.A.
Kaleb W. Brooks
Daniel B. Goldberg
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge, retired, sitting by designation.**

**{1}** Plaintiff Bryce Franklin appeals from the district court's order granting summary judgment in favor of Defendants State Personnel Office (SPO) and Regina Sena. Plaintiff argues (1) Defendants' motion for summary judgment was improperly granted because there was a genuine issue of material fact regarding SPO's receipt of Plaintiff's request for public records, pursuant to the Inspection of Public Records Act (IPRA), NMSA 1978 §§ 14-2-1 to -12 (1947, as amended through 2023); (2) Plaintiff's motion for

summary judgment was improperly denied because Defendants failed to create a genuine issue of material fact regarding whether Plaintiff served SPO his IPRA request; and (3) Defendants should be held in contempt for failing to comply with the district court's order to provide Plaintiff with records in accordance with his IPRA request. We reverse because the district court erred in concluding there was no genuine issue of material fact regarding SPO's receipt of Plaintiff's IPRA request.

**BACKGROUND**

**{2}** Plaintiff—an inmate at the Penitentiary of New Mexico (PNM)—has represented himself throughout the case. In March 2018, Plaintiff sent a public records request pursuant to IPRA to the Office of General Counsel of the New Mexico Corrections Department (NMCD) requesting in relevant part, "[a]ll public records that identify the number of staff and their job title, employed at [PNM] during the years 2017 and 2018. This is to include but not limited to security personnel, medical, legal assistance and mental health." NMCD responded to Plaintiff in April 2018 stating that personnel matters were handled by SPO and SPO's bureau chief, who NMCD identified to be Therese Quintana Doolittle. NMCD's response additionally stated, "You will need to make[ ]your request to that office. I have forwarded your IPRA request to them, along with our response. You may request the employee list of PNM employees for the date you wish." *See* § 14-2-8(E) ("In the event that a written request is not made to the custodian having possession of or responsibility for the public records requested, the person receiving the request shall promptly forward the request to the custodian of the requested public records, if known, and notify the requester."). NMCD also included SPO's address. *See id.* The day Plaintiff received NMCD's response, he sent a letter to Quintana Doolittle inquiring about his request. Plaintiff's letter stated it included a copy of his original letter to NMCD, but that enclosure is not in the record proper before this Court. Plaintiff never received a response to either his request or his letter to SPO.

**{3}** Contrary to NMCD's response, Quintana Doolittle was the human resources director for the Department of Cultural Affairs and never the public records custodian for SPO. She provided a sworn affidavit stating, "I have no record of receiving, in 2018 or 2019, an . . . IPRA request or related correspondence as alleged by [Plaintiff] and described in paragraphs 7 and 8 of his [a]mended [c]omplaint and Exhibits 1A and B, 2, and S attached to his [a]mended [c]omplaint."

**{4}** Instead, Defendant Sena was the public records custodian for SPO from the end of March or beginning of April 2018 through June 2019, and in her capacity as records custodian she responded to IPRA requests. Afterward, Melinda Salazar was the records custodian who responded to IPRA requests for SPO starting in November 2019. Sena and Salazar provided the same quote in their affidavits regarding Plaintiff's IPRA request as Quintana Doolittle—"I have no record of receiving, in 2018 or 2019, an IPRA request or related correspondence as alleged by [Plaintiff] and described in paragraphs 7 and 8 of his [a]mended [c]omplaint and Exhibits 1A and B, 2, and S attached to his [a]mended [c]omplaint." The affidavits provided no other information about SPO's IPRA process.

**{5}** Plaintiff filed an amended verified complaint against SPO and Sena for a violation of IPRA based on SPO's failure to respond to Plaintiff's request for records. Plaintiff then filed a motion for summary judgment arguing there was no genuine issue of material fact that SPO failed to respond to his written request for public records and that he was entitled to damages. After briefing and without a hearing, the district court denied Plaintiff's motion.

**{6}** Defendants then filed a motion for summary judgment arguing there was no genuine issue of material fact that it had not received Plaintiff's request, thus it had no duty under IPRA. After briefing and a hearing, the district court granted Defendants' motion. The district court determined that "[t]here is nothing in this record that affirmatively indicates that an IPRA request, relating specifically to records that SPO had in their custody was ever received by SPO." The district court concluded that "[u]nder these circumstances, summary judgment is appropriate." Finally, the district court "requested" that SPO provide the "requested documents to Plaintiff within [fifteen] days of the filing of this order" and that SPO file a notice with the district court when the records were turned over. Plaintiff appeals.

## DISCUSSION

**{7}** "Summary judgment is reviewed on appeal de novo." *Juneau v. Intel Corp.*, 2006-NMSC-002, ¶ 8, 139 N.M. 12, 127 P.3d 548. We view the evidence "in the light most favorable to the party opposing summary judgment." *City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146. "In New Mexico, summary judgment may be proper when the moving party has met its initial burden of establishing a prima facie case for summary judgment." *Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 10, 148 N.M. 713, 242 P.3d 280. "Once this prima facie showing has been made, the burden shifts to the non[]movant to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Id.* (internal quotation marks and citation omitted).

**{8}** As a preliminary matter, we address Defendants' argument to this Court that Plaintiff's arguments were not presented in his docketing statement and this Court should deny Plaintiff's attempt to retroactively amend his docketing statement. Once this Court assigns a case to the general calendar "[t]he appellant may raise issues in addition to those raised in the docketing statement or statement of the issues unless the appellee would be prejudiced." Rule 12-318(A)(1) NMRA; *see also State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730 (noting this Court's assignment of a case to the general calendar obviates the need to rule on the motion to amend the docketing statement, because "the docketing statement no longer governs the issues that may be raised on a non-summary calendar"). As the Defendants have provided no reason why Plaintiff's arguments prejudice Defendants, Plaintiff was not bound by the issues presented in his docketing statement and we will address his additional arguments. We turn to Plaintiff's IPRA claims.

**{9}** Pursuant to IPRA, "[e]very person has a right to inspect public records of this state." Section 14-2-1. "When a state agency receives a written IPRA request, IPRA requires the agency's custodian of records to timely respond and IPRA also forbids the agency from wrongfully denying the request." *Faber v. King*, 2015-NMSC-015, ¶ 11, 348 P.3d 173. IPRA then dictates that the state agency receiving the request must "either (1) permit the inspection immediately or as soon as practicable under the circumstances, but not later than fifteen days after receiving the written request, or (2) deny the written request, but the custodian shall provide the requester with a written explanation of the denial within fifteen days after the request for inspection was received." *Id.* (alteration, internal quotation marks and citations omitted). Section 14-2-11 provides a remedy "if the public entity does not adhere to the denial procedures." *Faber*, 2015-NMSC-015, ¶ 12; *see* § 14-2-11(C) ("A custodian who does not deliver or mail a written explanation of denial within fifteen days after receipt of a written request for inspection is subject to an action to enforce the provisions of [IPRA]."). The statute makes clear that the fifteen day window—and subsequent remedy—is triggered by the receipt of a records request by a state agency. Section 14-2-11(C). Summary judgment in this case centers on SPO's receipt of Plaintiff's record request.

**{10}** Defendants assert they made a prima facie case for summary judgment based on the uncontroverted affidavits of Quintana Doolittle, Sena, and Salazar, which they argue establish that SPO never received the IPRA request. Defendants also rely on the fact that Plaintiff did not dispute their statement that "SPO has no record of receiving Plaintiff's IPRA request from either NMCD or Plaintiff." We disagree that Defendants make a prima facie showing.

**{11}** The three affidavits from the SPO records custodians and Quintana Doolittle state, "I have no record of receiving, in 2018 or 2019, an . . . IPRA request or related correspondence as alleged by [Plaintiff] and described in paragraphs 7 and 8 of his [a]mended [c]omplaint and Exhibits 1A and B, 2, and S attached to his [a]mended [c]omplaint." Defendants provided no information regarding whether it has a normal process for receiving requests, what the normal process is, what process the record custodians used for searching for the request, or NMCD's records about its transmission of the request. A statement that there is no record of an IPRA request by two SPO record custodians and Quintana Doolittle is not the same as affirming that no IPRA request was received by SPO itself. Without a further statement, an inference is required to find that the affidavits prove that no request was received. The record simply does not contain enough evidence to make a prima facie showing that SPO did not receive the request. *Horne v. Los Alamos Nat'l Sec., L.L.C.*, 2013-NMSC-004, ¶ 14, 296 P.3d 478 (noting that a prima facie showing is "such evidence as is sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted" (internal quotation marks and citation omitted)); *BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7 ("On appeal from the grant of summary judgment, we ordinarily review the whole record in the light most favorable to the party opposing summary judgment."); *see also Brown v. Taylor*, 1995-NMSC-050, ¶ 8, 120 N.M. 302, 901 P.2d 720 (providing that "until the moving party has made a prima facie case that it is entitled to summary judgment, the non[]moving party is not required to make any showing with regard to

factual issues" and that summary judgment is not proper if the moving party fails to make such a case (internal quotation marks and citation omitted)).

**{12}** We next turn to Plaintiff's argument that his motion for summary judgment was improperly denied. Requirements for time and place of filing an appeal are mandatory preconditions to appellate review. *Garcia v. State*, 2010-NMSC-023, ¶ 25, 148 N.M. 414, 237 P.3d 716. "New Mexico's appellate courts have discretion to hear an appeal, as long as the intent to appeal a specific judgment fairly can be inferred from the notice of appeal and if the appellee is not prejudiced by any mistake." *Id.* (internal quotation marks and citation omitted); *see* Rule 12-202(C) NMRA ("A copy of the judgment or order appealed from, showing the date of the judgment or order, shall be attached to the notice of appeal.").

**{13}** Plaintiff's notice of appeal stated it was appealing "from the order on Defendants['] motion for summary judgment of the [F]irst [Judicial] District Court for Santa Fe entered in the above cause on the 30th day of March 2021." A copy of the order granting Defendants' motion for summary judgment was attached. The pleading included no intent to appeal the district court's adverse decision on Plaintiff's own motion for summary judgment. As Plaintiff included no indication to this Court that he was appealing this order, we decline to exercise our discretion to review the district court's order denying Plaintiff's motion for summary judgment.

**{14}** Finally, Plaintiff argues SPO should be held in contempt for failing to comply with the district court's "request" to provide Plaintiff records in accordance with his IPRA request. A judgment related to this issue was also not present in Plaintiff's notice of appeal. *See Garcia*, 2010-NMSC-023, ¶ 25. Further, Plaintiff has not petitioned the district court regarding SPO's alleged failure and the record contains no evidence about this claim other than Defendants' notice of compliance and the records SPO provided to Plaintiff. *See Schuster v. N.M. Dep't of Tax'n & Revenue*, 2012-NMSC-025, ¶ 33, 283 P.3d 288 ("To preserve an argument for appellate review, it must appear that an appellant fairly invoked a ruling of the [district] court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)); *Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the [district] court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue."). "Because the district court did not have an opportunity to consider or rule on this issue, it is not properly before this Court." *See Luginbuhl v. City of Gallup*, 2013-NMCA-053, ¶ 41, 302 P.3d 751. On remand the district court is free to consider additional motions or matters raised by the parties in this case.

## CONCLUSION

**{15}** We reverse and remand for proceedings in accordance with this opinion.

**{16}** **IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge,
retired, Sitting by designation**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JACQUELINE R. MEDINA, Judge**