This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40238**

**CHARLOTTE RIVERA and LAWRENCE WATSON,**

Plaintiffs-Appellees,

v.

**JULIAN VIVIAN GONZALES and YOLANDA GONZALES,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Maria Sanchez-Gagne, District Court Judge**

Atler Law Firm, P.C.
Timothy J. Atler
Jazmine J. Johnston
Albuquerque, NM

Graeser & McQueen
Christopher L. Graeser
Santa Fe, NM

for Appellees

Bridget Jacober
Santa Fe, NM

for Appellants

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**     This case concerns a property dispute between parties who are cotenants of a parcel situated between their properties. Below, the district court granted Plaintiffs Charlotte Rivera and Lawrence Watson's motion for summary judgment on their claim of wrongful ejectment by Defendants Julian and Yolanda Gonzales. *See* NMSA 1978, § 42-4-2 (1907) (stating that an "action for ejectment will lie for the recovery of the possession . . . of any real estate, where the party suing has been wrongfully ousted from the possession thereof, and the possession wrongfully detained"). On appeal, Defendants assert that their affirmative defense of laches precluded summary judgment on Plaintiffs' claim for wrongful ejectment. We affirm.

## BACKGROUND

**{2}**     Francisco and Maria Barela owned a parcel of land in Santa Fe with a southern border on Agua Fria Street and a northern border between Lorenzo and Lopez Streets. At the end of 1940, the Barelas divided the parcel into multiple lots. At issue in this litigation is the southern lot of 902 Lorenzo Street, the northern lot of 901 Lorenzo Street, and a 20 foot by 60 foot parcel between them.

**{3}**     In 1940, Maria Barela deeded 901 Lorenzo Street to her daughter Kella Gonzales and Kella's husband, Jose Gonzales. Kella and Jose are the parents of Defendants. The Gonzaleses used the parcel as their driveway. In 1960, Maria Barela deeded 902 Lorenzo Street to her daughter Kate Trujillo and Kate's husband, Jose Trujillo. Jose Trujillo built an adobe wall along the entire northern boundary of 902 Lorenzo that closed off vehicle access between his property and the parcel. In 1963, Maria Barela died without a will and the parcel passed to her heirs, which included the Gonzaleses and the Trujillos.

**{4}**     The wall on the Trujillos' property line remained in place until Plaintiffs bought 902 Lorenzo Street from the Trujillos' estate in 2018. Plaintiffs removed the wall, intending to use the parcel for a driveway. After this, Defendants took steps to prevent Plaintiffs from using the parcel for vehicle access to 902 Lorenzo.

**{5}**     Plaintiffs filed suit, initially asserting that 902 Lorenzo Street had an easement for vehicle use over the parcel and that the parcel was a public right of way. But during the litigation, Plaintiffs purchased an interest in the parcel from one of the Trujillos' heirs and obtained a quitclaim deed, rendering them cotenants in the ownership of the parcel. Plaintiffs then amended their complaint to include an alternative claim under Section 42-4-2 for wrongful ejectment of a cotenant.

**{6}**     Plaintiffs moved for summary judgment on their wrongful ejectment claim. Defendants argued that laches, which they had raised as an affirmative defense, precluded Plaintiffs' ejectment claim. After hearing from both parties, the district court ruled that Defendants had not satisfied one of the elements of laches, granted summary judgment in favor of Plaintiffs, and issued a writ of possession. Plaintiffs stipulated to the dismissal of their remaining claims, and Defendants appealed.

**DISCUSSION**

**{7}**     The only issue on appeal is whether Defendants are correct that their affirmative defense of laches should have precluded summary judgment. We review the grant of summary judgment de novo. *See Zamora v. St. Vincent Hosp.*, 2014-NMSC-035, ¶ 9, 335 P.3d 1243. In this case, because it is undisputed that Plaintiffs made a prima facie case on their claim for wrongful ejectment, Defendants bore the burden to demonstrate a genuine issue of material fact regarding the affirmative defense they relied on to oppose summary judgment. *See Fed. Nat'l Mortg. Ass'n v. Trissell*, 2022-NMCA-001, ¶ 18, 503 P.3d 381; *id.* ¶ 12 (noting that our appellate courts have "put the onus on the defendant opposing summary judgment with an affirmative defense to present factual support for the defense after the plaintiff has made a prima facie case on its claim alone"). As in *Trissell*, we must determine "whether the district court erred by concluding that Defendants failed to carry their burden of showing a genuine issue of material fact." *Id.* ¶ 19.

**{8}**     Laches is an equitable defense that "prevents litigation of a stale claim where the claim should have been brought at an earlier time and the delay has worked to the prejudice of the party resisting the claim." *Garcia v. Garcia*, 1991-NMSC-023, ¶ 30, 111 N.M. 581, 808 P.2d 31. It requires proof of four elements: (1) "[c]onduct on the part of the defendant, giving rise to the situation of which complaint is made and for which the complainant seeks a remedy"; (2) "delay in asserting the complainant's rights, the complainant having had knowledge or notice of the defendant's conduct and having been afforded an opportunity to institute a suit"; (3) "lack of knowledge or notice on the part of the defendant that the complainant would assert the right on which he bases his suit"; and (4) "injury or prejudice to the defendant in the event relief is accorded to the complainant or the suit is not held to be barred." *Brown v. Taylor*, 1995-NMSC-050, ¶ 11, 120 N.M. 302, 901 P.2d 720. All the elements must be met for the defense to apply. *Butcher v. City of Albuquerque*, 1980-NMSC-127, ¶ 11, 95 N.M. 242, 620 P.2d 1267.

**{9}**     In the proceedings below, the district court concluded that the laches defense failed as a matter of law because the second element, notice, was not proven. Defendants argue that the district court erred in this conclusion because Plaintiffs' predecessors in interest had notice over sixty years ago that the parcel was reserved for Defendants to use as a driveway. Defendants assert that Maria Barela restricted use of the parcel, and this restriction provided notice to Plaintiffs via their predecessors in interest. Defendants filed affidavits from Maria Barela's heirs supporting their understanding that, in the 1960s, Maria told Jose Trujillo that no vehicles were permitted to use the parcel to access Trujillos' lot at 902 Lorenzo.1 However, all of this evidence concerns Maria's statements or conduct at a time when Maria was the sole owner of the parcel; Plaintiffs' predecessors only became owners and cotenants of the parcel upon Maria's death in 1963. Defendants have provided no authority indicating that Plaintiffs'

---

1Defendants argue that Maria's verbal restriction and conduct created a negative easement. However, this issue was not raised or preserved below, and we decline to consider it on that basis. *See Day-Peck v. Little*, 2021-NMCA-034, ¶ 30, 493 P.3d 477 ("We generally do not consider issues on appeal that are not preserved below." (internal quotation marks and citation omitted)).

predecessors could have been ousted from a cotenancy before the cotenancy existed, and so our focus in this opinion is on whether Defendants demonstrated any genuine issue of fact as to ouster or notice of ouster after the parties became cotenants in 1963.

**{10}**     Defendants point to the fact that the Trujillos constructed a wall along the north end of their property line at 902 Lorenzo Street, which blocked access from the parcel to 902 Lorenzo. Defendants argue that the maintenance of the wall until 2018, when it was removed by Plaintiffs, demonstrates that Plaintiffs and their predecessors in interest had actual notice that they could not use the parcel for a driveway. But while Plaintiffs were certainly aware that the wall prevented them from accessing the parcel, the construction of a wall by Plaintiffs' predecessors in interest on their own property does not demonstrate an ouster *by Defendants*. *See Ouster*, *Black's Law Dictionary* (11th ed. 2019) (defining ouster as "[t]he wrongful dispossession or exclusion of someone (esp. a cotenant) from property"). Defendants have not explained how the Trujillos' actions in constructing and maintaining the wall across the north end of their own property qualified as a dispossession or exclusion by Defendants. Without this nexus, we cannot conclude that the wall qualified as notice of conduct *by Defendants* that would amount to an ouster of Plaintiffs from their cotenancy.

**{11}**     Other than "Maria Barela's pronouncement as to the use of the [p]arcel" and the Trujillos' construction of the wall, Defendants have not pointed to any other conduct that would have provided notice to Plaintiffs of the need to protect their rights in the cotenancy. For the reasons set forth above, we cannot conclude the district court erred in determining that the laches defense failed as a matter of law because the acts relied on by Defendants did not demonstrate that Plaintiffs or their predecessors in interest had notice of an ouster.

**CONCLUSION**

**{12}**     We affirm.

**{13}**     **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**GERALD E. BACA, Judge**